571 P.2d 1181

**ALBUQUERQUE NATIONAL BANK, a National Banking Association, Plaintiff-Appellee,**

v.

**CLIFFORD INDUSTRIES, INC., a New Mexico Corporation, Clifford L. Ellard and Bruce Lipes, Defendants-Appellants.**

**No. 11315.**

Supreme Court of New Mexico.

Dec. 5, 1977.

Toulouse, Krehbiel & DeLayo, James R. Toulouse, Albuquerque, for defendants-appellants.

Modrall, Sperling, Roehl, Harris & Sisk, Peter J. Adang, Albuquerque, for plaintiff-appellee.

## OPINION

FEDERICI, Justice.

This action was brought by Albuquerque National Bank (appellee) in the District Court of Bernalillo County, to recover payment made on an overdraft. The overdraft resulted from a check drawn by Clifford Ellard (appellant) on the Clifford Industries, Inc. account at the appellee bank. The suit was brought against Clifford Industries, Inc., Clifford Ellard and Bruce Lipes. Bruce Lipes was removed from the litigation when the district court granted summary judgment in his favor. Thereafter, the case was tried to the court without a jury and judgment was entered against Clifford Ellard, secretary-treasurer of the defendant corporation. Clifford Ellard appeals. We reverse the judgment of the district court and remand the cause for further proceedings consistent with this opinion.

On March 25, 1975, Clifford Ellard and Bruce Lipes opened a checking account at the East Menaul office of the Albuquerque National Bank in the name of Clifford Industries, Inc., listing themselves as authorized signatories on the account. Three checks drawn on a Phoenix, Arizona bank were deposited to fund the new Clifford Industries, Inc. account. Appellee's teller told appellant Ellard at the time of the deposit of each of the checks that the deposit would not be honored until the checks cleared. All three of the deposited checks were subsequently dishonored by the Phoenix bank for insufficient funds.

On March 27, 1975, after deposit, but before dishonor of the three checks, appellant Ellard wrote a check on the Clifford Industries account in the amount of $2,500 and payable to one Cliff Goode, President of Clifford Industries, Inc. This check was endorsed by the payee (Goode), cashed by the appellee, and charged to the Clifford Industries account. The bank alleged in Count I of the complaint, that the $2,500 payment on that check was an overdraft on the corporate account and that the bank was entitled to recover the full amount from the defendant corporation.

In Count II of its complaint, appellee bank alleged that Ellard and Lipes were individually liable on the overdraft because they had failed to fully incorporate Clifford Industries, Inc.; had failed to follow corporate formalities and requirements; had ignored the incorporation; had used the corporation as their alter ego; and had used the corporation to perpetrate a fraud and inequity on the appellee. The trial court allowed an amended complaint to be filed which added an alternate theory of recovery, i. e., that the $2,500 check to Cliff Goode was signed by appellant Ellard without a showing of representative capacity and that pursuant to § 50A–3–403, N.M. S.A. 1953, he was personally liable as an endorser. The record is devoid of any indication that the trial court relied upon this latter theory in reaching its judgment.

At the trial, the judge permitted the appellee bank to introduce into evidence, as part of its case, selected answers made by defendant Ellard to plaintiff's interrogatories. After presentation of the plaintiff's case, appellant's counsel offered in evidence, as part of his case, the deposition of defendant Ellard, who had remained at his home in Louisiana and was not present at trial. The trial court ruled that the deposition was not admissible when offered by the deponent himself, stating in effect that the fact that Mr. Ellard had been in Albuquerque one week before the trial constituted evidence sufficient to make it appear that

his subsequent absence from the trial was procured by himself. The trial court then stated that in its view no evidence of financial or other inability to attend trial sufficient to overcome the appearance of procurement was presented to it by Mr. Ellard.

Subsequently, appellant's counsel attempted to reopen his case to permit him to introduce into evidence the remaining answers made by defendant-appellant Ellard to plaintiff's interrogatories. The trial court ruled that the answers were inadmissible, on the same ground on which it refused to admit the deposition.

Appellant relies on two points for reversal. First, appellant asserts that the trial court committed reversible error: (1) when it refused to allow into evidence the deposition taken of him by the plaintiff-appellee; and (2) when it refused to allow into evidence the remainder of the answers made by him to plaintiff-appellee's interrogatories. Second, appellant argues that he is not personally liable for the overdraft on the Clifford Industries account.

As to the deposition, the specific question presented is whether an absent party may, under the circumstances of this case, have his own deposition, taken by an adverse party, introduced into evidence as part of his own case-in-chief. The trial court ruled that appellant's deposition was not so admissible, stating:

> As I read the rule, it's inadmissible on the ground that his absence is procured by himself and he has the freedom of coming or going. I don't feel that there's been any evidence of financial inability to be here as evidenced by the fact he was here a week ago would seem to lend credence to the fact that if he could be here a week ago, he could be here today for trial.

The soundness of this ruling by the trial court depends upon the proper construction to be given to Rule 26(d) of the New Mexico Rules of Civil Procedure [§ 21–1–1(26)(d), N.M.S.A. 1953 (Repl.1970)], which provides:

> (d) Use of Depositions. At trial or upon the hearing of a motion or an interlocutory proceeding, *any part or all of a deposi-*

*tion,* so far as admissible under the rules of evidence, *may be used against any party* who was present or represented at the taking of the deposition or who had due notice thereof, *in accordance with* any one of the following provisions:

(1) Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness.

(2) The deposition of a party or of anyone who at the time of taking the deposition was an officer, director, or managing agent of a public or private corporation, partnership, or association which is a party may be used by an adverse party for any purpose.

(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: 1, That the witness is dead; or 2, that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the state, unless it appears that the absence of the witness was procured by the party offering the deposition; or 3, that the witness is unable to attend or testify because of age, sickness, infirmity, or imprisonment; or 4, that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or 5, upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.

(4) If only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce all of it which is relevant to the part introduced, and any party may introduce any other parts. (Emphasis added.)

This division of the rule was originally derived from Rule 26(d) of the Federal Rules of Civil Procedure. Effective July 1, 1970, Federal Rule 26 was amended and now concerns discovery generally. The present Federal Rule 32(a), also amended in 1970, is substantially identical to the New

Mexico Rule 26(d), and the federal case law and the commentaries on the Federal rule are most helpful in giving meaning to its language. *See generally,* 4A Moore's Federal Practice ¶ 32.01 et seq. (2d ed. 1975).

■ The introductory paragraph to Rule 26(d), *supra,* states that a deposition may be used *against* any party who was present or represented at the taking of the deposition, in accordance with the enumerated subsections. When the rule is considered as a whole, it is clear that it was not intended to nor does it permit a deposed party to use his own deposition, under normal circumstances, in his own case-in-chief. The view has been expressed that the deposition of a party taken by an adverse party under the Federal rule cited above may not be used in evidence by the deponent, in the absence of any of the special circumstances listed in 26(d)(3), *supra,* and we are in accord with this view. *See* Annot., 13 A.L.R.3d 1312, 1343 (1967), and cases cited therein.

As indicated, exceptions to the introductory paragraph's general limitation are found in Rule 26(d)(3), *supra.* Of these, only the second is pertinent to this case. Rule 26(d)(3)(2) provides that the deposition of a witness, *whether or not a party,* may be used by *any party* for *any* purpose if the court finds that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the state, *unless* it appears that the absence of the witness was procured by the party offering the deposition. "It bears repetition to point out that *any party* may use the deposition of a witness, whether or not a party, for *any purpose* at the trial or hearing, and not only the party taking the deposition, if the court finds the existence of one of the conditions specified in Rule [26(d)(3)]." 4A Moore's Federal Practice, *supra,* ¶ 32.05[1].

In this case, appellant, who remained at his Louisiana home at the time of trial, was both "at a greater distance than 100 miles from the place of trial" and "out of the state." Appellant thus showed that he fell within the *general* exception of Rule 26(d)(3)(2) and met his initial burden of establishing his right to use the deposition.

*Weber v. Berry,* Fla.App., 133 So.2d 327 (1961).

■ Rule 26(d)(3)(2), however, contains its own limitation, in that it does not apply if "it appears that the absence of the witness [or party] was procured by the party offering the deposition." We hold that the question of procurement is one for the trial court in its discretion. *Cf., Richmond v. Brooks,* 227 F.2d 490 (C.A.2d Cir. 1955). In this case the trial court took note of the fact that appellant had been in Albuquerque for the taking of his deposition one week before trial, that appellant made no request while in Albuquerque to have his deposition taken for the purpose of preserving his testimony pursuant to N.M.R.Civ.P. 27 [§ 21–1–1(27), N.M.S.A. 1953 (Repl. 1970)], and that neither opposing counsel nor the trial court were advised until the time of trial of appellant's inability to attend. The trial court determined that these facts were sufficient to raise the appearance that appellant's absence from the trial was procured by himself. The appearance of procurement having been raised· to the satisfaction of the trial court, in this case on its own volition, it was incumbent upon appellant, as the proponent of the deposition, to adduce evidence sufficient to overcome the appearance that he had procured his own absence from the trial. The trial court ruled that no showing sufficient to overcome this appearance was made to it, and we hold that the trial court did not abuse its discretion in refusing to permit appellant to use his own deposition in his own case-in-chief.

As to the remaining answers filed by appellant to appellee's interrogatories, N.M. R.Civ.P. 33 [§ 21–1–1(33), N.M.S.A. 1953 (Repl.1970)], provides that written interrogatories are governed by the same principles set forth in Rule 26(d) for the use of the deposition of a party. The trial court reasoned that the appellant's request for admission of the answers to the interrogatories should be denied on the basis of the same analysis which prevented the admission of his deposition. We disagree.

■ It should be observed that in spite of the broad language of Rule 33, supra, the evidentiary use of answers to interrogatories by the interrogee is more carefully circumscribed than the like use of a deposition by a deponent. Because answers to interrogatories are self-serving statements not subject to the safeguards of cross-examination, they are generally inadmissible on behalf of the interrogee for the purpose of establishing any affirmative claim or defense. *Crabtree v. Measday*, 85 N.M. 20, 508 P.2d 1317 (Ct.App.1973), *cert. denied*, 85 N.M. 5, 508 P.2d 1302 (1973). *See also*, Annot., 13 A.L.R.3d 1312 (1967).

Rule 26(d)(4) of the Rules of Civil Procedure [§ 21–1–1(26)(d)(4), N.M.S.A. 1953] provides a pertinent exception to this general limitation. It provides:

(4) If only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce all of it which is relevant to the part introduced, and any party may introduce any other parts.

■ In this case, appellee introduced into evidence a part of appellant's answers to interrogatories. Appellant attempted to introduce the remainder of those answers to interrogatories, and the trial court refused the offer. The trial court erred. In *Callaway v. Perdue*, 238 Ark. 652, 385 S.W.2d 4 (1964), 13 A.L.R.3d 1300, the court observed, in passing, that where the party submitting written interrogatories offers in evidence part of the answers thereto, the person answering is entitled to read any other answer which tends to explain or correct the answers offered by the former. The Arkansas statutes construed were substantially identical to our New Mexico statutes. In the annotation, at 13 A.L.R.3d 1320, the author states the general rule as follows:

There is little dissent from the proposition—and this is true whether the document involved constitutes . . . answers to interrogatories submitted under Rule 33 of the Federal Rules of Civil Procedure (or a state counterpart thereof) . . . or a deposition taken under either the Federal Rules (or a state counterpart) . . . that if a party submitting interrogatories or taking a deposition uses such himself as evidence in the trial, he thereby opens the door to some use of the material by the deponent or interrogee. . . .

We hold that when the party submitting written interrogatories offers in evidence part of the answers thereto, the interrogee has a right to introduce or to have introduced all of the interrogatories which are relevant to, or which tend to explain or correct, the answers submitted. In this case, appellee asserts that none of the answers sought to be introduced was relevant to the issues. Our review of the record indicates the contrary.

We affirm the district court on its refusal to permit appellant to use the deposition. We reverse the district court on its refusal to permit appellant to introduce the remainder of the answers to interrogatories.

The cause is remanded to the district court for the sole purpose of admitting into evidence all of the answers made by appellant to appellee's interrogatories which appellant may request to introduce and which are both relevant to the answers submitted by appellee and otherwise admissible in evidence.

In view of our holding, we do not reach the substantive arguments raised by appellant in his second point for reversal, supra, as we cannot prejudge what effect the admission of some or all of the remaining answers made by appellant to appellee's interrogatories may have upon that issue in the trial court.

IT IS SO ORDERED.

McMANUS, C. J., and EASLEY, JJ., concur.