**FRONING & DEPPE, INC., Plaintiff,**

v.

**CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST CO., Defendant.**

**No. 81 C 2678.**

United States District Court,
N.D. Illinois, E.D.

March 26, 1982.

Deborah H. Bornstein, Jenner & Block, Chicago, Ill., Donald R. Newbrough, Hegland, Newbrough, Johnston, Brewer & Maddux, Ames, Iowa, for plaintiff.

Paul K. Vickrey, F. Jerry Phelps, Steven H. Hoeft, McDermott, Will & Emery, William J. Sneckenberg, Lev & Sneckenberg, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

DECKER, District Judge.

This case involves the allegedly forged endorsements of six checks. The forger cashed the checks at South Story Bank and Trust ("South Story") in Slater, Iowa. South Story remitted the checks for collection and received credit at its clearing house bank, Valley National Bank in Des Moines, Iowa. Valley National in turn remitted the checks for collection and received credit at Continental Illinois Bank and Trust Co. ("Continental Bank") in Chicago, Illinois. The six checks reflected on their face that they had been drawn at the Continental Bank.

The payee designated on the checks, Froning & Deppe, Inc., filed suit against Continental in this court in the Northern District of Illinois, seeking to collect the face value of the checks. Continental Bank impleaded Valley National, alleging that Valley National breached warranties provided for under Article 3 of the Uniform Commercial Code with regard to the six checks. Valley National then impleaded South Story under the same breach of warranty theory. Pending is third-party defendant South Story's motion to dismiss for lack of personal jurisdiction.

The following facts relating to personal jurisdiction over South Story have been established by affidavit and have not been challenged by Valley National. South Story maintains two offices, one located in Slater, Iowa, and the other in Huxley, Iowa. The bank does not have any agents in Illinois, it does not maintain any offices in Illinois, and none of its officers have traveled into Illinois for the purposes of transacting business within the last five years. South Story does maintain a bank account at the Continental Bank. The account is used to pay certain Federal taxes and to collect the receipts from the Federal Reserve Bank when customers cash Series E Bonds. The account is not used in processing checks through the Federal Reserve System. Insofar as the six checks involved in this lawsuit are concerned, all of South Story's activities took place in Iowa. South Story had no contact with Continental Bank, but dealt solely with Valley National, which is headquartered in Des Moines, Iowa.

In order to comport with the requirements of the due process clause, the court must decide whether South Story's contacts with the State of Illinois were sufficient so that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). More specifically, South Story has transacted business in Illinois if they purposefully availed themselves of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its law. *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). *See Chandler Leasing Corp. v. Redway Truck and Warehouse Co.,* No. 79 C 4929 (N.D.Ill. March 17, 1982).

Until recently, the Illinois Long Arm Statute was held to extend the jurisdiction

of courts sitting in Illinois over nonresidents to the fullest extent permitted by due process. *See Biltmoor Moving & Storage Co. v. Shell Oil Co.,* 606 F.2d 202 (7th Cir. 1979). The Illinois Supreme Court, however, has held that the Illinois statute is not so far-reaching. *See Cook Associates, Inc. v. Lexington United Corp.,* 87 Ill.2d 190, 57 Ill.Dec. 730, 429 N.E.2d 847 (1981); *Green v. Advance Ross Electronics Corp.,* 86 Ill.2d 431, 56 Ill.Dec. 657, 427 N.E.2d 1203 (1981). The Illinois courts have not yet had the opportunity to detail the extent to which the Long Arm Statute differs from the requirements of the due process clause. However, because the court concludes that jurisdiction over South Story is not proper as a matter of due process, the Illinois state law questions do not need to be addressed.

■ Valley National argues that the due process requirements of personal jurisdiction are met here because (1) South Story knew that the final destination of the checks was the Continental Bank in Illinois and so could foresee the possibility of being brought before the Illinois courts; and (2) South Story invoked the benefits of Illinois law, because any possible claim against Continental Bank would have to be filed in Illinois and rely on Illinois substantive law. Neither of those arguments is persuasive.

A "foreseeability" argument similar to the one made by Valley National was considered by the Supreme Court in *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Plaintiff in that case had been injured, allegedly because of a defect in an automobile sold by defendant. Suit was brought in state court in Oklahoma, where the accident had occurred. Plaintiff argued that jurisdiction was proper in Oklahoma, because defendant could foresee that the automobile, sold in New York to New York residents, could cause injury in Oklahoma. The Court rejected that claim, stating as follows:

"[T]he foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State. Rather, it is that the de-

fendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there."

*Id.* at 297, 100 S.Ct. at 567. Banks handle many checks every day. The court does not believe that a bank should reasonably anticipate being subject to suit in any state that a check cashed by one of its customers might originate. As a court in this district noted in an analogous situation:

"Checks often follow circuitous routes during the clearing process, and in view of the contractual obligations which the various banks make during the chain, it would be unwise policy to hold a bank subject to the jurisdiction of any foreign state regardless of how fortuitous the bank's contact therewith, merely because the bank happens to conduct a business with certain interstate ramifications. And were a bank subjected to such a test of jurisdiction, all other individuals or companies whose activities extended across many state boundaries should be treated the same, regardless of their awareness of the extent or effects of their activities. To subject such persons to suit in a foreign state would be a subversion of the fundamentals of fair play."

*Jack O'Donnell Chevrolet, Inc. v. Shankles,* 276 F.Supp. 998, 1004 (N.D.Ill.1967). Likewise, this court does not believe that the fundamentals of fair play would be served by subjecting South Story to suit in Illinois simply because it accepted a check drawn on an Illinois bank.

Valley National's second argument is equally unavailing. As the Seventh Circuit Court of Appeals noted in *Lakeside Bridge & Steel Co. v. Mountain State Construction Co.,* 597 F.2d 596, 604 (7th Cir.1979), *cert. denied,* 445 U.S. 907, 100 S.Ct. 1087, 63 L.Ed.2d 325 (1980):

"The fact that Wisconsin's courts would be available to [defendant] Mountain State in a suit on the contract does not constitute a meaningful relationship between that company and that state. If [plaintiff] Lakeside had conducted no ac-

tivities related to the contract in Wisconsin, the courts of that state would nonetheless have had jurisdiction over a suit brought against Lakeside by Mountain State, as would the courts of any other state in which Lakeside was doing business."

The fact that South Story could sue Continental in Illinois is obviously irrelevant to the issue of whether South Story had sufficient contacts with Illinois to properly be sued there itself. The opposite conclusion would potentially subject anyone who did business with a large national corporation to suit in any state in which the corporation did business, irrespective of the individual's contacts with that state. That result would not be proper under *International Shoe.*

Finally, the court notes that Valley National does not suggest that South Story's account with Continental Bank is a sufficient contact with Illinois to justify personal jurisdiction. The court agrees that that minor contact, wholly unrelated to the subject matter of this litigation, is not a basis for jurisdiction.

For the reasons stated above, third-party defendant South Story's motion to dismiss for lack of personal jurisdiction is granted, and the case is dismissed as to that third-party defendant.