**GATEWAY LEASING, INC.**

v.

**The AMERICAN BANK, et al.**

**Civ. No. Y–83–1235.**

United States District Court,
D. Maryland.

Jan. 12, 1984.

---

Rhonda I. Framm, Baltimore, Md., for plaintiff.

Mitchell Stevan, and Morton H. Perry, Baltimore, Md., for defendants.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

On March 30, 1981, the plaintiff, Gateway Leasing, Inc. (Gateway), drew a check on its account with Union Trust Company of Maryland (Union) for $32,000 payable to the order of American Southwest Leasing. Later, one Mark Chipwood, allegedly acting for American Southwest Leasing—whether authorized or unauthorized is in dispute— endorsed the check to American Southwest Financial Corporation, which endorsed the check to the defendant, American Bank of Irving, Texas (American) (now Allied Bank), a Texas corporation. The American Bank then presented the endorsed check to the Interfirst Bank of Dallas, also a Texas corporation, that acted as the collecting bank. Interfirst Bank of Texas forwarded it to the clearinghouse bank, the First National Bank of Chicago, an Illinois corporation, which presented it to the Union Trust Company of Maryland who thereupon paid $32,000 from plaintiff's account. Plaintiff now sues the American Bank Irving, Interfirst Bank of Dallas, and First National Bank of Chicago for $32,000 for the loss of the amount that the bank—allegedly improperly—debited from its account. The American Bank filed a motion to dismiss pursuant to Rule 12(b)(2) Fed.Rules Civ. Proc. for lack of jurisdiction.

LAW

The exercise of *in personam* jurisdiction over The American Bank Irving rests upon the Maryland long-arm statute, Md.Cts. & Jud.Proc.Code Ann. § 6–103. The determination whether jurisdiction exists generally requires a two-step analysis: 1) whether the long-arm statute authorizes the exercise of personal jurisdiction over the defendant and 2) whether an exercise of jurisdiction violates the Due Process Clause. *Geelhoed v. Jensen*, 277 Md. 220,

352 A.2d 818 (1975). Section 6–103 provides in pertinent part:

(b) In general.—A court may exercise personal jurisdiction over a person, who directly or by an agent:

(1) Transacts any business or performs any work or service in the State;

(2) Contracts to supply goods, food, services, or manufactured products in the State;

(4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State;

Since it was the purpose of the long-arm statute to expand the boundaries of permissible *in personam* jurisdiction to the limits permitted by the Constitution, *Geelhoed, supra, Lamprecht v. Piper Aircraft Corp.*, 262 Md. 126, 277 A.2d 272 (1971), both Section 6–103(b)(1) and (4) only require a minimum contact within the limitations of due process. *See Geelhoed, supra, Snyder v. Hampton Industries, Inc.*, 521 F.Supp. 130 (D.Md.1981). American has no office in Maryland, has no employees in Maryland, does not pay Maryland taxes, has no phone registered in Maryland, and has no correspondent bank in Maryland. It did not rely on Maryland laws. The bank's only contact with Maryland was the conduct of normal banking operations. Therefore, the question is whether the conduct of normal banking operations together with the acceptance and endorsement of the check is sufficient to meet the requirements of "minimal contacts" and due process.

[3] Relevant facts to consider in deciding whether the defendant has sufficient "minimum contacts" with the forum to satisfy due process are quantity, nature, and quality of the contacts, *Geelhoed, supra*, the source of action, *Geelhoed, supra*, and whether the defendant could reasonably anticipate being haled into court there;

*World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Heavily relying on the last test, the bank in *Froning & Deppe v. Continental Ill. National Bank*, 560 F.Supp. 68 (1982) (N.D.Ill.) held:

Banks handle many checks every day. The Court does not believe that a bank should reasonably anticipate being subject to suit in any state that a check cashed by one of its customers might originate.

Moreover, in *Jack O'Donnell Chevrolet, Inc. v. Shankles*, 276 F.Supp. 998 (N.D.Ill. 1967), the court stated:

Checks often follow circuitous routes during the clearing process, and in view of the contractual obligations which the various banks make during the chain, it would be unwise policy to hold a bank subject to the jurisdiction of any foreign state regardless of how fortuitous the bank's contact therewith, merely because the bank happens to conduct a business with certain interstate ramifications ... To subject such persons to suit in a foreign state would be a subversion of the fundamentals of fair play.

*Id.* at 1004. In *Sears Bank and Trust Company v. Luckman*, 61 Ill.App.3d 260, 18 Ill.Dec. 520, 377 N.E.2d 1156 (1st Cir. 1978), the court indicated that the lack of any control over the origin of the check rendered the connections of the bank with Illinois too remote to serve as a basis for the exercise of *in personam* jurisdiction. Subsection (b)(1) of the Maryland long-arm statute is derived from Section 1.03(a)(1) of the Uniform Interstate and International Procedure Act, 9B U.C.A. 310 (1966 ed). *See Snyder, supra, Hardy v. Rekab, Inc.*, 266 F.Supp. 508 (D.Md.1977), which was itself derived from the Illinois long-arm statute, Ill.Rev.Stat. ch. 110 § 17(1)(a). According to the Commissioners on Uniform State Law, Section 1.02(a)(1) "should be given the same expansive interpretation that was intended by the courts of that state." *Snyder, supra.*

▮ Plaintiff argues that defendant entered into several contracts pursuant to the provisions of the Commercial Code. When American accepted and endorsed the check,

it certainly entered into contracts and warranties pursuant to Sections 3–413, 3–417, 4–207 Com.Law, Md.Code Ann. But these are provisions concerning substantive law, not questions of jurisdiction. And as stated, the Maryland long-arm statute not only requires "minimal contacts" but also that they suffice the requirement of due process. In this case, there are warranties to a Maryland resident, Union, but there are no direct contacts and there were no negotiations between a Maryland resident and American; the warranties/contracts were entered by law. The fact that the contract was entered by law makes it possible to say that, although there were contacts with the Maryland corporation, they were not sufficient to satisfy due process because American had no control over the origin of the check. Everything, the defendant did, happened in Texas: it accepted the check in Texas from a corporation doing business in Texas and gave it to another Texas bank. The purpose of checks is to make transactions easier, not to enlarge personal jurisdiction.

Therefore, the contacts in Maryland cannot be considered sufficient to meet the requirements of the due process clause. The Court lacks jurisdiction over American and the motion to dismiss pursuant to Rule 12 Fed.R.Civ.P. must be granted.