In this personal injury action, the jury returned a verdict for the defendants and the trial court entered judgment on the verdict. Plaintiff, William Frederick Cody, asserts error with regard to the court's instructions to the jury, rulings on objections to evidence, and submission of affirmative defenses to the jury.
Cody was injured when a boxcar door fell on him. He was employed by International Paper Company ("I.P."). He was injured while he and another I.P. employee, Walter Nettles, were attempting to close the boxcar door. There was evidence that the top track on which the door traveled was bent and that part of a safety clip was missing. Nettles was using a "come-along" to pull the door, and Cody had been prying the door with a crowbar just prior to the accident. The Louisville Nashville Railroad Company ("L N") owned the boxcar and provided it to I.P. The boxcar had been sent to L N's shop for a repair on a defective latch two days before the accident.
Cody sued L N for negligence and breach of the Alabama Extended Manufacturer's Liability Doctrine. He sued three *Page 84 
of his co-employees at I.P., Jack Rowley, Larry Bell, and Beason Campbell, alleging negligence and failure to provide a safe place to work. All the defendants raised contributory negligence and assumption of risk as affirmative defenses.
Cody argues first that the trial court erred in reading L 
N's requested charge number seven to the jury. Cody's attorney objected on the ground that the requested charge "abolishes proximate cause" by instructing that contributory negligence would bar a recovery, without mentioning proximate cause. After other objections, the following exchange occurred:
 "The Court: Gentlemen, I think that the totality of the charge would be correct. If I were to bring them in and charge them on Charge Seven, I feel that that was sufficiently covered in the definition of contributory negligence in my oral charge. I think that would give undue influence to the case. And do you want to charge them on that?
"[Cody's attorney]: No, go ahead."
Defendants argue that Cody thus waived any objection to the court's giving charge number seven, citing CaterpillarTractor Co. v. Ford, 406 So.2d 854 (Ala. 1981);Record Data International, Inc. v. Nichols,381 So.2d 1 (Ala. 1979); Lollar v. Alabama Power Co.,371 So.2d 9 (Ala. 1979); and Odom v. Linsey,365 So.2d 664 (Ala. 1978).
Those and similar cases apply the following provision of Rule 51, A.R.Civ.P.:
 "No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection. Submission of additional explanatory instructions shall not be required unless requested by the court."
The Court in Record Data, supra, 381 So.2d at 7, gave the following explanation of the purpose of this rule: "Rule 51 affords the trial court an opportunity to correct any error in its charge before it becomes error with injury to reversal." In a similar vein, see, e.g., GraycoResources, Inc. v. Poole, 500 So.2d 1030 (Ala. 1986). By declining the trial court's offer to reinstruct the jury on proximate cause, Cody prevented the trial court from curing any error in the instructions.
Cody's attorney responds to the waiver argument only by saying that he "merely stated that he did not want the court to . . . 'give undue influence to the case.' " This argument cannot change the fact that Cody effectively withdrew his objection by declining the trial court's offer to give an explanatory instruction. Any time such an explanation is given, it has a tendency to bring the matter to prominence, and no more so here than in any other case. An explanatory charge is the proper way for a court to cure any error in the instructions; therefore, by declining such a charge, Cody withdrew his objection.
We note in passing the defendants' argument that the court's instructions as a whole repeatedly instructed the jury that proximate cause is necessary before contributory negligence bars recovery. Because Cody withdrew his objection, we do not reach the merits of this argument.
The second issue alleges error in the following exchange during questioning of Nettles:
 "Q. Why do you have a come-along and a crowbar? Can't you just shut the door with your hands?
 "A. No sir. In some you can, the majority of them, you cannot.
 "Q. Why . . . are the majority of them needing the come-along and a crowbar?
 "A. Well, for one reason, I would say, it's giving something of my own — because of lack of maintenance.
 "[Attorney for L N]: Your Honor, please, I object to that and move to exclude it. There's no predicate laid for any such opinion as that.
"The Court: Sustain the objection.
 "[Attorney for L N]: Ask the jury to disregard his comments, please sir. *Page 85 
 "The Court: Grant the motion. Ladies and gentlemen, please disregard the last statement made by the witness."
After stating this issue, Cody provides neither argument nor citation of authority, merely stating that the issue is "self-explanatory." We note generally that witnesses must testify to facts and cannot express "mere matters of opinion," Wright v. Rowland, 406 So.2d 830, 831
(Ala. 1981), and that it is within the trial court's discretion whether to allow a witness to give an opinion as an expert. Record Data International, supra. The trial court did not err in sustaining the objection that no predicate had been laid for the opinion expressed and in instructing the jury to disregard the answer.
Cody next argues that the trial court erred in allowing L 
N to admit into evidence two of its answers to interrogatories propounded by Cody. The defendants respond that, because Cody had previously introduced questions and answers from the same set of interrogatories, the trial court did not abuse its discretion in allowing L N to introduce the answers at issue in explanation of the answers introduced by Cody. After Cody's attorney read to the jury 42 out of 55 questions and their answers, L N offered two of the questions and answers that Cody had omitted. The two questions regarded previous incidences of boxcar doors falling. L N responded, "We have history of industry personnel pulling or prying the doors off the track, causing them to fall," and "We cannot prevent people from pulling or prying the doors off the cars and the danger of pulling or prying them off should be apparent to the person doing the same. It is infrequent that this occurs."
Cody cites authorities generally stating that answers to interrogatories may not be introduced into evidence by the party giving the answers. See Rule 33, A.R.Civ.P.; Annot., 13 A.L.R.3d 1312 (1967). L N responds by stating that there is an exception to this rule: that, where the party propounding the questions introduces some of them, the party giving the answers can introduce omitted answers in explanation of those introduced by the opposing party.
No case has been decided in Alabama on this point since the adoption of the Alabama Rules of Civil Procedure. Prior practice in Alabama held that the examining party had the option of introducing answers to interrogatories, but that, if he did so, "he [had to] offer the whole, and [could not] select the answers or parts of answers suited to his purpose." Alabama Power Co. v. Bodine, 213 Ala. 627,629, 105 So. 869, 871 (1925); Pope v. Ryals,232 Ala. 260, 167 So. 721 (1936).
Rule 32(a)(4), A.R.Civ.P., states a comparable rule with regard to depositions: "If only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce all of it which ought in fairness be considered with the part introduced. . . ." L N cites a case from the Supreme Court of New Mexico that applies rules, like ours, adapted from the Federal Rules of Civil Procedure, and succinctly sets forth a holding on point:
 "It should be observed that . . . the evidentiary use of answers to interrogatories by the interrogee is more carefully circumscribed than the like use of a deposition by a deponent. Because answers to interrogatories are self-serving statements not subject to the safeguards of cross-examination, they are generally inadmissible on behalf of the interrogee for the purpose of establishing any affirmative claim or defense. . . .
". . .
 "In this case, appellee introduced into evidence a part of appellant's answers to interrogatories. Appellant attempted to introduce the remainder of those answers to interrogatories, and the trial court refused this offer. The trial court erred. . . .
 "We hold that when the party submitting written interrogatories offers in evidence part of the answers thereto, the interrogee has a right to introduce or to have introduced all of the interrogatories which are relevant to, or which tend to explain or correct, the answers submitted." *Page 86 
Albuquerque Nat. Bank v. Clifford Industries, Inc.,91 N.M. 178,182,571 P.2d 1181, 1185(1977) (citations omitted). One of the authorities discussed was the A.L.R. annotation cited above.
We agree with the quoted holding and adopt it as the rule to be applied in this state. Of course, if the answers are subject to a valid objection, they may be excluded. Cody's only objection was that the answers were self-serving declarations. Because that objection is the general one under which answers to interrogatories are ordinarily not admissible but is not a sufficient objection to testimony from the witness stand, it cannot suffice to defeat the exception for answers offered as relevant to or explanatory of answers already admitted. Because the answers at issue were relevant to many of the questions and answers introduced by Cody, they fall within the exception discussed, and the trial court did not err in allowing them to be read to the jury.
Cody makes two arguments that the trial court erred in sustaining objections to questions propounded to his expert witness. The decision of whether a witness is qualified to give an expert opinion on a particular subject is within the discretion of the trial court. Elder v. E.I. DuPont DeNemours Co., 479 So.2d 1243 (Ala. 1985); BurroughsCorp. v. Hall Affiliates, Inc., 423 So.2d 1348 (Ala. 1982); Meadows v. Coca-Cola Bottling, Inc.,392 So.2d 825 (Ala. 1981); Dyer v. Traeger,357 So.2d 328 (Ala. 1978). We see no abuse of that discretion here.
Cody next argues that there was insufficient evidence to submit the defenses of contributory negligence and assumption of risk to the jury. The defendants, however, aptly point out that Cody made no motion for directed verdict as to those issues. Under the circumstances, Cody cannot challenge the submission of these issues to the jury. Bains v.Jameson, 507 So.2d 504 (Ala. 1987); Black v.Black, 469 So.2d 1288 (Ala. 1985); Great Atlantic Pacific Tea Co. v. Sealy, 374 So.2d 877 (Ala. 1979);Housing Authority of the City of Prichard v. Malloy,341 So.2d 708 (Ala. 1977). Moreover, there was evidence from which the jury could reasonably have concluded that Cody was contributorily negligent or that he assumed the risk of the door falling on him either in the way he pried on the door with the crowbar or in walking in front of the door while Nettles was pulling on it with the come-along.
Finally, Cody argues that the court erred in refusing to allow him to call three L N employees as adverse witnesses. Rule 43(b), A.R.Civ.P.; Stauffer Chemical Co. v.Buckalew, 456 So.2d 778 (Ala. 1984); Whitworth v.Utilities Bd. of the Town of Blountsville, 382 So.2d 557
(Ala. 1980). Without deciding whether the witnesses were "managing agents" subject to being called under Rule 43(b), or were "mere employees" to whom the rule does not extend,Whitworth, at 559, we hold that Cody has not made any showing of reversible error on this issue. Cody has not made any argument as to how the denial of the right to cross-examine these witnesses prejudicially affected his case, and we see no basis for such an argument.
Cody questioned one of the witnesses with no objections and did not call the other two. The witness called was a foreman who inspected the door after the accident. The other two repaired the door latch two days before the accident, and, according to Cody's attorney, stated in their deposition that they inspected the car and found nothing wrong. In response to the court's question "[W]hy do they need to be an adverse witness?" Cody's attorney responded: "They are going to say that they inspected it, and there wasn't anything wrong with it." Cody's attorney thus indicated that the two testified in their depositions, and were expected to testify if called to the stand, that they inspected the car when they repaired the latch and found nothing wrong with the boxcar. He did not indicate how he expected to impeach this testimony by cross-examination if he were allowed to call them as adverse witnesses.
Thus, the arguments on the request to call the three as adverse witnesses do not show any harm from the refusal of the request. Because Cody has not argued any prejudice to his case, and none appears from the record, any error in denying the *Page 87 
request was harmless. Rule 45, A.R.A.P. A similar ruling was held harmless, if error at all, in Holloway v.Robertson, 500 So.2d 1056 (Ala. 1986).
This case is unlike Whitworth, supra, where the witness was the town's superintendent of water and sewage and the "sole person concerned with the maintenance of the city sewers," 382 So.2d at 559, the allegation was negligence in responding to plaintiffs' report that sewage was flooding her basement, and the Court could not determine "what the trial court might have found had the plaintiffs been allowed to cross-examine Kermit Clayburn as an adverse witness under Rule 43(b)." Id., at 560. Here, Cody was able to show that the top rail was bent, at least after the accident, and Cody's own attorney indicated that the testimony of the proposed adverse witnesses would have tended only to disprove that the rail was bent before the accident.
In conclusion, we reiterate that none of the rulings that Cody has preserved for review presents any reversible error. The record shows that Cody was able to present ample evidence in support of his theory of the case and that, after a fair and properly conducted trial, the jury found in favor of the defendants.
AFFIRMED.
TORBERT, C.J., and MADDOX, BEATTY and HOUSTON, JJ., concur.