No. 61,193

Dr. Adego E. Eferakeya, *Appellant*, v. Twin City State Bank, *Appellee/Cross-Appellant/Cross-Appellee*, v. Manufacturers Hanover Trust Company, *Appellee/Cross-Appellant/Cross-Appellee*.

(777 P.2d 759)

Opinion filed July 14, 1989.

*James F. McMahon*, of McConnell & McMahon, of Overland Park, argued the cause and was on the brief for appellant.

*Michael E. Francis*, of Sloan, Listrom, Eisenbarth, Sloan & Glassman, of Topeka, argued the cause and was on the briefs for appellee/cross-appellant/cross-appellee Twin City State Bank.

*David A. Hanson*, of Glenn, Cornish, Hanson & Karns, Chartered, of Topeka, argued the cause and *Robert M. Rosenblith*, Vice President and Associate General Counsel, of New York, New York, was with him on the briefs for appellee/cross-appellant/cross-appellee Manufacturers Hanover Trust Company.

The opinion of the court was delivered by

Six, J.: In this case we examine on appeal: (1) the use of an absent party's deposition at trial under K.S.A. 1988 Supp. 60-

232(a)(3)(B); and (2) personal jurisdiction over a New York financial institution, Manufacturers Hanover Trust Company (MHT), a "collecting bank" as defined by the Uniform Commercial Code, K.S.A. 84-4-105(d).

The Court of Appeals vacated the trial court's finding that the deposition of the absent plaintiff, Dr. Adego E. Eferakeya, could not be used at trial in lieu of his testimony. The Court of Appeals also reversed the trial court's determination that it had personal jurisdiction over the third-party defendant MHT.

We granted the petition for review filed by Twin City State Bank of Kansas City, Kansas (Twin City).

We affirm the Court of Appeals and adopt syllabus ¶¶ 3, 4, 7, and 8, and corresponding portions of its opinion relating to the deposition issue. However, we disagree with the Court of Appeals on its reasoning on this issue as enunciated by syllabus ¶¶ 5 and 6 and corresponding portions of its opinion. Except as modified by this opinion on this issue, we affirm the Court of Appeals and adopt its opinion.

## Facts

The plaintiff is a Nigerian citizen and resident who maintained a personal checking account at Twin City. Eferakeya filed suit against Twin City, alleging that the bank had wrongfully paid a check drawn on his account and had fraudulently informed him that it did not have responsibility for the wrongful payment. Eferakeya alleged that the check in the amount of $13,400, which was made out to his brother, had been stolen and fraudulently cashed without an endorsement.

Twin City denied liability and filed a third-party petition against MHT, the collecting bank, alleging that, if Eferakeya was to prevail in his action against Twin City, Twin City would be entitled to judgment against MHT on Uniform Commercial Code warranties. Twin City served notice to take Eferakeya's deposition. Because of difficulties in travel to Kansas City from Nigeria, the deposition was delayed several times. The trial was continued. Eferakeya was finally deposed on April 22, 1986. The trial was set for May 6, 1986, but counsel for Eferakeya moved for a continuance on May 5, stating that Eferakeya had had to return to Nigeria due to currency restrictions and the pressure of his medical practice.

MHT moved to dismiss the action against it for lack of personal

jurisdiction. The trial court denied the motion, but granted another continuance. The trial was again rescheduled for November 18, 1986. On November 17, counsel for Eferakeya filed a motion to use Eferakeya's deposition at trial in lieu of Eferakeya's testimony. Eferakeya also moved for another continuance. Twin City filed a motion to dismiss with prejudice, pursuant to K.S.A. 60-241(b) (failure to prosecute).

The case came on for trial to the court on November 18. Eferakeya did not appear. His attorney informed the court that he was ready to proceed without the presence of Eferakeya and without the use of the deposition, if necessary. Counsel then argued the motion to use the deposition in lieu of testimony on the basis of K.S.A. 1988 Supp. 60-232(a)(3)(B). That motion was denied. The trial court granted Twin City's motion to dismiss and denied Eferakeya's motions regarding offers of proof and new trial.

Twin City moved for an order awarding attorney fees against MHT. MHT renewed its personal jurisdiction defense. The judge subsequently awarded Twin City $500 in attorney fees. Eferakeya appealed, MHT cross-appealed the personal jurisdiction determination, and Twin City cross-appealed the attorney fee award.

Seven issues were raised before the Court of Appeals (only the two we have noted, the use of Eferakeya's deposition and personal jurisdiction over MHT, are before this court). In addressing the seven issues, the Court of Appeals held the trial court:

(1) did not err in denying Eferakeya's motion for recusal;

(2) did not err in denying Eferakeya's motion for continuance;

(3) erred in denying Eferakeya's motion to use his deposition in lieu of trial testimony;

(4) erred in dismissing the case for lack of prosecution; and

(5) did not have personal jurisdiction over MHT.

The two issues concerning MHT's liability for attorney fees were rendered moot by the court's determination that there was no personal jurisdiction over MHT.

## Use of the Deposition

The pertinent portion of K.S.A. 1988 Supp. 60-232(a) states:

"At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any

party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:
. . . .
"(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds that:
"(A) The witness is dead; (B) the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the state of Kansas, unless it appears that the absence of the witness was procured by the party offering the deposition; (C) the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment; (D) the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or (E) upon application and notice, such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used."

Eferakeya argued that his deposition should have been introduced in evidence under K.S.A. 1988 Supp. 60-232(a)(3)(B) and (E). The Court of Appeals found that the use of depositions at trial is governed by K.S.A. 1988 Supp. 60-232. We agree. See *Smith v. Blakey, Administrator*, 213 Kan. 91, 515 P.2d 1062 (1973). The trial judge did not rely on the statute in determining that the deposition could not be used. He denied use of the deposition on the grounds that the deposition was taken for discovery purposes, not evidentiary purposes, and also that Eferakeya failed to appear in court. The Court of Appeals remanded the case to the district court for a determination of the issue pursuant to the statutory language. *Eferakeya v. Twin City State Bank*, 13 Kan. App. 2d at 205. Twin City argues that the Court of Appeals erred in (1) its interpretation of K.S.A. 1988 Supp. 60-232 and (2) holding that 60-232 creates its own exception to the hearsay rule.

The Court of Appeals said:

"Two problems of interpretation are presented by the language of 60-232(a)(3)(B). First, 'absence' could refer to either absence from trial or absence from the 100-mile radius or the state. Second, 'procured by the party offering the deposition' could be interpreted to preclude a party's use of his deposition where his absence is voluntary." 13 Kan. App. 2d at 203.

K.S.A. 1988 Supp. 60-232(a)(3) is virtually identical to Fed. R. Civ. Proc. 32(a)(3). K.S.A. 1988 Supp. 60-232 is also identical or substantially similar to the corresponding rule of civil procedure in many other states. The issue of a party's use of his or her own deposition has not been addressed by this court or the United States Court of Appeals for the Tenth Circuit, but it has been addressed in cases from other jurisdictions. The Kansas Court of

Appeals relied on the analysis found in 4A Moore's Federal Practice ¶ 32.05, p. 32-32 (2d ed. 1988). According to Moore, the question of whether "absence" refers to absence from trial or absence from the state or the 100-mile radius is relevant to the application of the statute. Moore prefers the latter construction and says that, under that construction, where a party resides more than 100 miles from the trial, he or she cannot be said to have procured his or her own absence. In reviewing Moore's analysis, we observe that the author comments:

"Under this view a party who *resides* more than 100 miles from the place of trial may use his own deposition as evidence at the trial, if he wishes. This may be desirable in actions in the federal courts where one of the parties is normally a resident of a state other than the one in which the federal court is held." 4A Moore's Federal Practice ¶ 32.05 at pp. 32-32 to 32-33.

If, however, "absence" refers to absence from the trial, Moore says that a party residing outside of the area cannot use the deposition unless the party can show that absence is not due merely to a preference to use the deposition rather than to testify orally at trial. The Court of Appeals determined that "absence" refers to absence from the 100-mile area or from the state, not absence from the trial. We do not agree.

In *King v. International Harvester Co.*, 212 Va. 78, 84, 181 S.E.2d 656 (1971), the Supreme Court of Virginia said:

"We think it equally clear that 'the absence' of the witness as used in the second condition of the rule means absence from the trial and that a party who is out of this state or is a greater distance than 100 miles from the place of trial, may not use his own deposition as evidence at the trial unless it appears that he could not be present and the court finds the existence of any one of the enumerated conditions.

"When the absence of a witness is due merely to a preference to use his deposition rather than to testify orally at the trial, the rule does not permit of its use."

The wording of the Virginia statute is the same as that of K.S.A. 1988 Supp. 60-232(a)(3)(B).

In *Richmond v. Brooks*, 227 F.2d 490 (2d Cir. 1955), the Second Circuit Court of Appeals reversed the trial court's exclusion of plaintiff's deposition. The plaintiff was a resident of California suing a New York resident in New York federal court. Although the court held that the word "absence" referred to absence from the state or 100-mile radius, it also made the following comment:

"Perhaps too much is made of this assumed dichotomy; it is not apparent why in this carefully defined context absence from the trial should not be tested for the validity of the excuse on the same principles as absence from the territory." 227 F.2d at 493.

Although *Richmond* seems to allow a nonresident party to use his deposition at will, other courts have adopted the view of Wright & Miller:

"The court may consider all the circumstances of why the party is away from the trial and determine in the light of these factors whether to allow use of the deposition." 8 Wright & Miller, Federal Practice and Procedure: Civil § 2147, p. 463 (1970).

We prefer the Wright & Miller analysis.

In *Albuquerque Nat. Bank v. Clifford Industries*, 91 N.M. 178, 571 P.2d 1181 (1977), the defendant was a resident of Louisiana and sought to have his deposition admitted under Rule 26(d)(3) of the New Mexico Rules of Civil Procedure. Rule 26(d)(3) is the same as K.S.A. 1988 Supp. 60-232(a)(3). The Supreme Court of New Mexico affirmed the trial court's exclusion of the deposition. The court found that, although the defendant fell within the *general* exception in that he was out of the state and more than 100 miles from the place of trial, there was evidence tending to show that he had procured his absence. The New Mexico court held "that the question of procurement is one for the trial court in its discretion." 91 N.M. at 181. The court noted that there was evidence that the defendant had been in Albuquerque for the taking of the deposition a week before the trial and that he had not mentioned to opposing counsel or to the trial court that he might not be available for trial. The court said that these facts raised the appearance that the defendant had procured his own absence and, since the defendant did not produce any evidence refuting that appearance, the trial court did not abuse its discretion in excluding the deposition.

We believe that "absence" refers to absence from trial. The trial court should make a determination as to whether the party seeking to introduce that party's deposition voluntarily absented himself or herself from the trial in order to have the deposition admitted in lieu of the party's testimony.

A party who resides more than 100 miles from the place of trial or out of the state may not use his or her deposition as evidence in lieu of testimony at trial unless it appears that: (1) the party

could not be present at trial; and (2) absence is not due merely to a preference to use the deposition.

The Court of Appeals stated:

"We conclude (1) the 'unless' clause of 60-232(a)(3)(B) refers to absence from the 100-mile area around the place of trial or absence from the state and not absence from trial; and (2) procurement means a party has collusively instigated or induced a witness to remove himself from being subjected to a subpoena to testify, or at least unfairly and for an improper purpose deliberately absented himself from the jurisdiction so he could not be examined. Under this definition, a party from out of state would be free to use his own deposition at trial." 13 Kan. App. 2d at 205.

We do not agree. In our view the definition extended by the Court of Appeals to "procurement" is not broad enough.

We hold that, when the absence of a party is due merely to a preference to use the deposition rather than to testify orally at trial, absence is in effect "procured" by that party. We construe an absence from trial as a result of an act of will, a voluntary absence, or an unexplained absence as "procured."

We agree with the Court of Appeals that the determination of whether a party procured his or her own absence should be left to the discretion of the trial court after considering all the circumstances of the case. The determination of whether Eferakeya procured his own absence is a factual question which was not addressed by the trial court in the instant action. There is insufficient data in the record on appeal to permit this court to determine if Eferakeya procured his own absence. The admission of deposition testimony is within the trial court's discretion. *Alfonso v. Lund,* 783 F.2d 958, 961 (10th Cir. 1986). The Court of Appeals was correct in its determination that the trial court had abused its discretion because it did not consider K.S.A. 1988 Supp. 60-232(a)(3)(A) in its determination that the deposition would not be allowed into evidence. The Court of Appeals was correct in remanding the case to the trial court for a determination of the issue.

The trial court on remand should also consider if the deposition is admissible under K.S.A. 1988 Supp. 60-232(a)(3)(E), which requires "exceptional circumstances." See *Stremel v. Sterling,* 1 Kan. App. 2d 310, 564 P.2d 559 (1977).

Twin City also argues that Eferakeya's deposition is not admissible under any of the exceptions to the hearsay rule. K.S.A. 1988 Supp. 60-460(c). We are not persuaded by Twin City's

argument. K.S.A. 1988 Supp. 60-232(a) states that a deposition may be used "so far as admissible under the rules of evidence *applied as though the witness were then present and testifying* . . . ." The statute creates its own exception to the hearsay rule. 8 Wright & Miller, § 2143, p. 452. There can be no hearsay objection where the declarant is present and testifying.

## Personal Jurisdiction over MHT

MHT has insufficient contacts with the state to warrant Kansas courts invoking personal jurisdiction over it pursuant to K.S.A. 1988 Supp. 60-308(5). We also find that it would be a violation of the due process clause of the Fourteenth Amendment of the United States Constitution for Kansas to assert personal jurisdiction over MHT. See *World Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 290, 62 L. Ed. 2d 490, 100 S. Ct. 559 (1980).

We adopt the portion of the Court of Appeals opinion reversing the trial court on the issue of personal jurisdiction.

The effect of the opinion of the Court of Appeals on the instant action is affirmed. The reasoning of the Court of Appeals, except as modified on the deposition issue, is affirmed. The trial court is reversed and the case is remanded for further proceedings in accordance with this opinion.

MILLER, C.J., dissenting.