SCHWARTZ, Chief Judge.
The Florida Insurance Guarantee Association issued a check drawn on a Florida NationsBank account payable to the Fleitases and their agent for Hurricane Andrew damages to their home. The Fleitases never saw the money, however, because the check was deposited in the Union Chelsea National Bank, a New York institution, by someone who absconded with the funds. In this action on the cheek by the Fleitases against both banks, see Larkin General Hosp., Ltd. v. Bank of Florida, 464 So.2d 635 (Fla. 3d DCA 1985); Florida Bar v. Allstate Ins. Co., 391 So.2d 238 (Fla. 3d DCA 1980), pet. for review denied, 399 So.2d 1140 (Fla.1981), the trial court dismissed the action as against Union Chelsea[1] for lack of jurisdiction over its person. We agree that the actions of the New York bank in accepting the Florida cheek, initiating its collection through the normal Federal Reserve clearing house process, and paying the proceeds — all of which occurred in New York — did not, contrary to the plaintiffs’ assertions, subject it to the long-arm jurisdiction of the Florida court. §§ 48.181, 193(1), Fla.Stat. (1993); see Jet Charter Serv., Inc. v. Koeck, 907 F.2d 1110 (11th Cir.1990), cert. denied, 499 U.S. 937, 111 S.Ct. 1390, 113 L.Ed.2d 447 (1991); Oriental Imports and Exports, Inc. v. Maduro & Curiel’s Bank, N.V., 701 F.2d 889 (11th Cir.1983); Gateway Leasing, Inc. v. American Bank, 577 F.Supp. 908 (D.Md.1984); First United Bank of Mississippi v. First Nat’l Bank of Atlanta, 255 Ga. 505, 340 S.E.2d 597 (1986); Eferakeya v. Twin City State Bank, 245 Kan. 154, 777 P.2d 759 (1989).
Affirmed.

. The case proceeds below against NationsBank.