CRAWLEY, Judge.
The sole question presented in this case is whether the trial court erred in granting Janet Brewer and John Brewer, husband *628 and wife, a new trial based on the failure of D & N Trucking, L.L.C., to comply with the trial court’s discovery order and on the Brewers’ claim to have newly discovered evidence. We conclude that the trial court erred in granting the Brewers’ motion for a new trial, and we reverse and remand.

I. Facts

The underlying facts of the Brewers’ claim are based upon a motor-vehicle accident involving Janet Brewer. Mrs. Brewer’s vehicle was struck by a log that fell from a D & N Trucking log truck, after the log hit a bridge overpass. Immediately after the accident, Williams and Mrs. Brewer drove their vehicles to the side of the road to await the arrival of the authorities.
Officer Joseph Hillyer, the police officer who prepared the accident report, testified that he examined the truck and trailer at the site of the accident, and that he issued no citations for safety violations such as improperly securing the logs or faulty cables on the trailer. Officer Hillyer saw that the remaining load on the trailer was adequately secured and allowed D & N Trucking’s tractor-trailer to leave the accident scene. The driver, Robert Williams, drove from the accident site to the lumberyard, which was closed when he arrived with the load. Thomas Nick Lamb, one of the owners of D & N Trucking, testified that he went to the accident scene and when he went to the lumberyard to examine the trailer after leaving the accident scene, he was unable to determine which trailer had been involved in the accident. Nick Lamb stated “the trailer had done been unloaded and it was three or four trailers sitting there, and there wasn’t any cables broken on the trailers, so you couldn’t have no way to tell which trailer it was.”
The Brewers sued D & N Trucking, alleging, as to Mrs. Brewer, that she had suffered psychological injuries as a result of the accident, and, as to Mr. Brewer, claiming loss of consortium. The Brewers alleged in their amended complaint that D & N Trucking had caused the accident by failing to properly maintain the truck and/or trailer involved in the accident. The evidence produced during discovery and trial proceedings established the identity of the tractor involved in the accident, but the trailer from which the log fell was never identified.
On January 9, 2000, the trial court entered an order directing D & N Trucking to produce, within 15 days, a number of items, including maintenance records on the tractor for 4 years before the date of the accident up until the time that certain repairs were complete and maintenance records on the trailer for 1 year before the accident until certain repairs were complete, including all parts and labor used for such repairs and routine maintenance records.[1] On June 20, 2000, the Brewers moved the trial court for sanctions against D & N Trucking for failure to comply with the discovery order. The trial court held a hearing on June 23, 2000. During the hearing, the Brewers moved for judgment in their favor, as a sanction, because, they claimed, D & N Trucking had not complied with the trial court’s order compelling it to produce the maintenance records on the trailer. The trial court denied their request, because, it said, D & N Trucking claimed that the maintenance records on the trailer did not exist.

II. Trial-Court Proceedings

The trial-court proceedings began with jury selection on October 23, 2000. The *629 trial lasted for three days. Nick Lamb, D & N Trucking’s last witness, testified that he knew the whereabouts of the repair records on 12 trailers belonging to D & N Trucking.[2] Nick Lamb testified that all of the maintenance records on the 12 trailers were located in the glove compartment of each tractor. Upon determining that the documents that had been sought actually existed, the trial court offered to interrupt the proceedings to allow the parties to travel to D & N Trucking’s premises to obtain the needed documents. In response, the Brewers’ attorney declined the court’s offer, stating that he was in the middle of his cross-examination; he further indicated that the production of these records so late in the trial would be of little use to him. The trial court replied, “Okay.” The Brewers’ attorney continued to address D & N Trucking’s failure to produce the maintenance records, saying, “So, if he doesn’t have them, he doesn’t have them. Let’s just go on. It’s not going to do us any good for this trial.”
On October 26, 2000, the jury returned a verdict for the Brewers and awarded $25,000 in compensatory damages; it awarded no punitive damages. On November 21, 2000, the Brewers filed a motion for a new trial, or, in the alternative, for an additur, stating that the verdict was against the weight of the evidence and that defendants should be sanctioned for noncompliance with discovery.
On December 20, 2000, the trial court held a hearing on the Brewers’ post-judgment motion. The trial court stated in open court that in order to find the jury verdict inadequate, it would have to invade the province of the jury, and it was not willing to do that. The trial court did, however, order a new trial as a way of sanctioning D & N Trucking for noncompliance with its discovery order, which the trial court found to be willful. The trial court stated, in part, in its order:
“A hearing was held on Plaintiffs Motion for a New Trial on December 20, 2000.... As a part of the Motion for New Trial, the Plaintiff asked for sanctions for Defendant’s failure to comply with discovery orders of the Court. As sanctions, the Plaintiff asked that their Motion for a New Trial be granted. The hearing primarily dealt with, among other things, the failure of the Defendant to provide maintenance records of the trailer involved in the accident.
“Previously the Court had held hearings regarding what records should be produced for trial. On June 7, 2000, the court issued an order. Paragraph 1C of said Order stated that ‘the Defendant has 15 days from the date of this Order to produce ... the maintenance records for four years before the accident and until the repairs were complete, and maintenance records for the trailer for one year before the accident until the repairs were complete, including all parts, labor for such repairs including all routine maintenance records.’ ... On June 21, 2000, the Defendant filed a reply ... [in which it stated that] ‘D & N Trucking, L.L.C., has submitted its maintenance records to Plaintiff as requested.’ ...
“At the trial of this case, there was conflicting evidence between Derrick Lamb and Nick Lamb, who were the two principals of D & N Trucking, as to what records existed.* Nick Lamb testified that the inspection reports for the trailers are kept at the Shop.... At that time a hearing was held outside the *630 presence of the jury. During this hearing the Court explored whether or not the requested records had been provided to the Plaintiffs. During this hearing the Attorney for the Defendant stated that there was no possible way to identify the trailer involved in the accident. ...
“For the hearing on December 20, 2000, a subpoena was issued to Derrick Lamb to produce the maintenance records of the trailers. At said hearing Derrick Lamb brought maintenance records for the trailer belonging to D & N Trucking. Included in these records were the maintenance records for the trailer involved in the accident. The witness’s explanation for not previously producing the records was that he was not sure which trailer was involved in the accident; however, he also stated that D & N Trucking owned only approximately twelve (12) trailers.
“It is the Court’s finding that the Court’s Orders regarding the conducting of discovery were violated. The Plaintiffs’ counsel should have been informed that maintenance records regarding the trailers of the company did exist and should have been given an opportunity to inspect the maintenance records. The existence of these records may have led to other admissible evidence which could have impacted on the jury’s verdict.
“IT IS THEREFORE ORDERED, ADJUDGED and DECREED that the Plaintiffs’ Motion for a New Trial and Motion for Sanctions is granted and as an appropriate remedy the court GRANTS the Plaintiffs Motion for a New Trial. The other grounds set forth in the Plaintiffs motion for a New Trial are denied.
D & N Trucking timely appealed from this order. On appeal, it contends that the trial court erred in granting a new trial.

III. Waiver

The trial court’s judgment states that it offered to continue the trial proceedings in an attempt to cure any prejudice the delay in producing the maintenance records had caused, but the Brewers’ attorneys declined its offer. Once it became apparent, through the testimony of Nick Lamb, that the sought-after maintenance records did exist, the trial court clearly attempted to cure any prejudice to the Brewers by offering a continuance to allow the Brewers’ attorney to examine the records. In response to this offer, the Brewers’ attorney responded as follows:
“We talked about this. Judge, I — I really don’t need them to go on. I don’t need them to go on and continue my cross. If they want to bring him back and introduce some records tomorrow in their case for this trailer, I will just ask him why he didn’t bring them to the — • but I am not going to harp on it anymore.”
In response to this statement from the Brewers’ attorney, the trial court answered “Okay.” The Brewers’ attorney continued to address D & N Trucking’s failure to produce the maintenance records saying “So, if he doesn’t have them, he doesn’t have them. Let’s just go on. It’s not going to do us any good for this trial.”
The Brewers’ attorney continued his cross-examination of the final witness, and the trial proceedings were concluded. We hold that the Brewers’ attorney waived *631 any error pertaining to D & N Trucking’s failure to provide the maintenance records on the trailer by declining the trial court’s offer of a continuance for the purpose of examining the records and determining their relevance to the case. See e.g., Foremost Ins. Co. v. Parham, 693 So.2d 409 (Ala.1997) (party waived right to challenge juror with hearing problem by failing to inquire whether jurors were physically able to serve; the court held that the party must diligently test jurors as to their qualifications and could not simply sit back and invite error); Ex parte Eaton, 675 So.2d 1300, 1301 (Ala.1996) (holding that “plaintiffs should not have been allowed to oppose [defendant’s] motion for mistrial, gamble on the verdict of the jury, and then, after being disappointed with the verdict, move for a new trial on the same grounds they had previously opposed”); Cody v. Louisville & Nashville R.R., 535 So.2d 82 (Ala.1988) (the trial court held that by declining its offer to reinstruct the jury on proximate cause, the party prevented it from curing an error in the instruction and waived any right to challenge the error on appeal); and Wal-Mart Stores, Inc. v. Robbins, 707 So.2d 284 (Ala.Civ.App.1997) (holding that defendant who refused court’s offer of a continuance could not complain of prejudice from amendment to complaint).
We reverse the order of the trial court granting a new trial and remand the case for the trial court to reinstate the judgment on the jury verdict.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result.

. Although the record is unclear on this matter, we presume the repairs to the tractor and the trailer referred to were those necessitated by the accident.

. Derrick Lamb had testified earlier that the company owned 13 trailers at the time of trial.

“*It should be noted that during the trial the Court indicated that based on the conflicting testimony the Court will grant a short continuance of the trial to allow the Attorneys to go and search for the rqcord. However, this request was declined by the Attorneys.”