No. 47,495

STATE OF KANSAS, *Appellee*, v. JOHN RAYMOND PRUITT, *Appellant*.

(531 P. 2d 860)

Opinion filed January 25, 1975.

*John C. Humpage,* of Topeka, argued the cause and was on the brief for appellant.

*J. J. B. Wigglesworth,* assistant district attorney, argued the cause, and *Vern Miller,* attorney general, *Margaret Jordan,* district attorney and *William Grimshaw,* assistant district attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

FATZER, C. J.: This is an appeal from a conviction of burglary in violation of K. S. A. 21-3715 and possession of burglary tools prohibited by K. S. A. 21-3717.

The facts are not in dispute, and are summarized: On September 20, 1972, the defendant was charged in three separate counts of an information with burglary, possession of burglary tools, and attempted theft. The matter was tried to a jury which found the defendant guilty of burglary, guilty of possession of burglary tools, and not guilty of attempted theft.

The defendant, on a motion for a new trial, introduced evidence by one of the jurors that another juror had brought a dictionary into the jury room for the purpose of defining "burglary" and "intent." The district court found prejudicial misconduct on the part of the jury and ordered a mistrial on all three counts. Later, and on January 30, 1973, the defendant moved the district court for an order discharging him from the charge of attempted theft. The district court dismissed the attempted theft charge on the ground of double jeopardy.

Prior to the commencement of the second trial on February 5, 1973, the defendant moved to dismiss the charge of burglary on the ground of double jeopardy, having been acquitted on the charge of attempted theft. The district court concluded that burglary is a distinct and separate offense from the crime of attempted theft and denied his claim of double jeopardy.

On February 5, 1973, the defendant's second trial on the charges of burglary and the possession of burglary tools was commenced. The case was submitted to the jury in the early afternoon of February 6, 1973. A recess was declared at 5:25 p. m. The jury reconvened at 9:45 a. m. on February 7, and the deliberations continued until 12:00 o'clock noon on that date. At that time the foreman informed the district court that "the jury was unable to reach a unanimous decision." The court then declared a mistrial and placed the case on the calendar for a subsequent trial by jury.

The defendant's third trial was commenced on April 16, 1973. A police officer testified that when he responded to a dispatch advising that an alarm had been set off at the Gateway Sporting Goods Company, he found the defendant crouched in an aisle behind a merchandise display in the store. Another police officer testified that when he arrived at the store some nine minutes later at approximately 8:34 p. m., he searched the defendant and found a crowbar in his left rear trouser pocket, a flashlight and gloves in his left coat pocket, and twine in his hand.

A police officer assigned to the investigation division testified he found no pry marks, nor were defendant's fingerprints on the door, and that if a crowbar was used, there should have been pry marks. He further testified that upon his arrival at the scene, the bolt which locked the door was not engaged.

The store manager testified the store hours were 10:00 a. m. to 6:00 p. m.; that the store was equipped with an alarm system which was activated when the store door was closed; that the store sold flashlights and gloves such as were removed from the defendant's possession; that the alarm system was activated that evening, and that the closing of the door all the way would activate the alarm system—it was not necessary that the door be locked.

The defendant's testimony on his own behalf is summarized in the record as follows:

". . . [H]e owned a tavern which had a kitchen which he operated and that he lived above the tavern in an apartment. On July 8 he closed his tavern at approximately 6:00 and before leaving he cleaned an exhaust fan inside his

kitchen, and that after finishing he stuck the gloves in his pocket and drove to the Metcalf Shopping Center.

". . . [T]hat when he came to the Gateway store the door was open and he just walked in. At that point a man came running out and dropped a crowbar at his feet. At this point he saw the officer come in with a gun and he ducked down real quick."

The record does not indicate how the crowbar got into defendant's "left rear trouser pocket."

The jury returned a verdict of guilty on both counts—burglary and possession of burglary tools. The verdict was reduced to judgment and the defendant sentenced.

The defendant first contends the acquittal by a jury of the charge of attempted theft precluded subsequent trials on charges of burglary and possession of burglary tools since all charges related to the same issues and the acquittal was *res adjudicata* as to the other charges. The defendant more specifically contends that,

"The prosecution, having litigated the material facts in this action in the first trial unsuccessfully, is collaterally estopped from again litigating the same facts in subsequent trials."

It may be stated that the rule of estoppel by adjudication or collateral estoppel means nothing more, when applied to a criminal case, than "double jeopardy."

Before proceeding further, it will be helpful to consider the general rules which determine double jeopardy or collateral estoppel in a criminal prosecution.

Identity of offenses is universally declared to be an indispensable ingredient of jeopardy. (*State v. McCarther*, 198 Kan. 48, 422 P. 2d 1012.) Where one statute describing an offense requires proof of a fact which another statute does not, then the offenses are not the same, and a conviction or acquittal under one does not bar prosecution under the other on the ground of double jeopardy. In *State v. Anderson*, 172 Kan. 402, 241 P. 2d 742, it was held:

"In criminal cases, the ultimate test applied in determining the validity of a plea of former conviction or former acquittal is identity of offenses, and it is not necessarily decisive that the two offenses may have some material fact in common. (*State v. Ragan*, 123 Kan. 399, 256 Pac. 169.)" (Syl. ¶ 4.)

In the opinion it was said:

". . . A putting in jeopardy for one act is not a bar to a prosecution for a separate and distinct act, merely because they are so closely connected in point of time that it is impossible to separate the evidence relating to them on the trial for the one of them first had. Consequently a plea of former jeopardy will not be sustained where it appears that in one transaction, two distinct crimes were committed. . . ." (l. c. 410.)

We turn now to the criminal statutes in question to determine the validity of appellant's contention.

"Burglary" is defined in K. S. A. 21-3715 as follows:

"Burglary is knowingly and without authority entering into or remaining within any building, mobile home, tent or other structure, or any motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony or theft therein."

Possession of burglary tools is defined in K. S. A. 21-3717, as follows:

"Possession of burglary tools is the knowing possession of any key, tool, instrument, device or any explosive, suitable for use in entering an enclosed structure or a vehicle or means of conveyance of persons or property, with intent to commit burglary."

"Theft" is defined in K. S. A. 21-3701, as follows:

"Theft is any of the following acts done with intent to deprive the owner permanently of the possession, use or benefit of his property;

"(a) Obtaining or exerting unauthorized control over property or

"(b) Obtaining by deception control over property; or

"(c) Obtaining by threat control over property; or

"(d) Obtaining control over stolen property knowing the property to have been stolen by another.

"Theft of property of the value of fifty dollars ($50) or more is a class D felony. Theft of property of the value of less than fifty dollars ($50) is a class A misdemeanor.

"Nothing herein shall prohibit the removal in a lawful manner, by towing or otherwise, of personal property unlawfully placed or left upon real property."

"Attempt" is defined in K. S. A. 21-3301, as follows:

"(1) An attempt is any overt act toward the perpetration of a crime done by a person who intends to commit such crime but fails in the perpetration thereof or is prevented or intercepted in executing such crime.

"(2) It shall not be a defense to a charge of attempt that the circumstances under which the act was performed or the means employed or the act itself were such that the commission of the crime was not possible.

"(3) An attempt to commit a class A felony is a class C felony. An attempt to commit a felony other than a class A felony is a class E felony. An attempt to commit a misdemeanor is a class C misdemeanor."

From an examination of the statutes it is readily determinable that the crimes charged were separate and distinct offenses. The gravamen of the crime of burglary is entering without authority or remaining in a structure or vehicle with the intent to commit a felony *or* theft. To convict a person for the crime of possession of burglary tools, the state must prove that person knowingly had possession of a device or explosive adapted, designed or commonly

used for committing a burglary, and an intent to commit a burglary. In *State v. Ogden,* 210 Kan. 510, 502 P. 2d 654, we stated:

". . . One can commit a burglary without burglary tools, and one can be guilty of the possession of burglary tools without committing a burglary. . . ." (1. c. 515.)

In the case at bar, the defendant was charged with attempted theft as follows:

". . . [Defendant] did then and there unlawfully, feloniously in the perpetration of the crime of felony theft place handguns, being revolvers of a value of more than $50.00 which were the property of the Gateway Sporting Goods Company in suitcases, with the intention to commit said crime and the said [defendant] was prevented and intercepted in executing said crime . . . in violation of § 21-3301 K. S. A."

Proof of an intent to commit a crime together with the performance of some act toward the commission of the crime, and the failure to consummate its commission constitutes an attempt. (*State v. Bereman,* 177 Kan. 141, 276 P. 2d 364.)

Here, the facts necessary to convict appellant for attempted theft would not necessarily have convicted him of burglary. One can commit a theft or attempt to commit a theft without committing a burglary.

We conclude the offenses with which the appellant was charged were separate and distinct and formed no basis for estoppel or double jeopardy.

The appellant lastly contends the district court erred in declaring a mistrial of his second trial because it failed to make the necessary judicial determination prior to declaring a mistrial, and the defendant was twice placed in jeopardy. We find no merit in the contention.

The court was advised by the foreman of the jury that it was unable to reach a unanimous decision. The district court is given authority by K. S. A. 22-3423 to order a mistrial if the jury is unable to agree upon a verdict. The district court specifically asked for comments by counsel. There were none. It is clear there was both a factual and statutory basis for the order of a mistrial.

The judgment is affirmed.