No. 47,663

The State of Kansas, *Appellee*, v. Quay Douglas Worth, *Appellant.*

(537 P. 2d 191)

Opinion filed June 14, 1975.

*Christopher J. Redmond,* of Redmond and Redmond, of Wichita, argued the cause, and was on the brief for the appellant.

*Stephen M. Joseph,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Keith Sanborn,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Prager, J.: This is a direct appeal in a criminal action in which the defendant-appellant, Quay Douglas Worth, was tried by a jury and convicted of the sale of cocaine. The defendant admitted the sale but asserted the defense of entrapment. The facts in the case were not greatly in dispute and are essentially as follows: The defendant Worth became acquainted with Kent Green in 1971 while they were serving sentences in the Kansas State Penitentiary. Both men were released in 1972. In early July of 1973 Green became an undercover agent for the Kansas Bureau of Investigation

and the Bureau of Alcohol, Tobacco and Firearms of the United States Treasury Department. On July 18, 1973, defendant telephoned Green at his home in Burns, Kansas. Green was not in so the defendant left a message for him to call back. Green returned the defendant's call on July 19. It was agreed that they would meet on the following day near a liquor store in Wichita. The defendant and Green met at the designated rendezvous on July 20 and then proceeded to the defendant's mobile home. The defendant told Green that he was unemployed and hard pressed for money. There is a conflict in the testimony as to the conversation between defendant and Green. Green testified the defendant told him how desperate he was for money, that he had a pistol and would not hesitate to use it. Green then told defendant that he did have buyers for various items. The defendant's version was somewhat different. He testified that Green told him that he was in trouble, that they could make some money if defendant could get a few things and that Green needed 50 sticks of dynamite, a couple of sawed-off shotguns and some cocaine. A clear-cut issue of fact was presented as to who was the moving force behind the criminal activities which followed.

On July 22 or 23 the defendant notified Green that he had two shotguns and two bombs for sale for $100. A meeting was set for July 26 at which time the items were to be delivered. Green immediately advised Carl Arbogast of the K. B. I. and Michael Gammage of the Bureau of Alcohol, Tobacco and Firearms. On July 26 Green and Gammage met with the defendant with Gammage posing as the buyer of the items. At this time defendant produced only one shotgun which was sold to Gammage for $100.00. On July 31 another meeting was held at which time the defendant sold Gammage some dynamite and ⅛ ounce of cocaine. Shortly thereafter defendant Worth was arrested and charged by the federal authorities as well as by the state in this case. The defendant was convicted in United States District Court on a four-count indictment charging unlawful possession of a firearm, unlawful transfer of a firearm, unlawfully making a false statement in connection with the purchase of explosives, and unlawfully receiving an explosive which had been transported in interstate commerce. The state of Kansas charged defendant in this case with the sale of cocaine arising out of the same incident. Prior to trial the defendant moved for dismissal of the charges on the basis of former jeopardy.

This motion was denied. The defendant's first trial in this case ended in a hung jury. The second trial produced the conviction which is now on appeal.

The defendant's first point is that the trial court's instruction covering the defense of entrapment did not correctly state the law. The instruction given quoted K. S. A. 21-3210 verbatim. The defendant's objection goes to the form of the instruction. He contends that an instruction should have been given in a form similar to that approved in *State v. Wheat*, 205 Kan. 439, 469 P. 2d 338 and that the instruction should not have been in the exact language of the statute. The record discloses that before the jury was instructed the defendant objected generally to the entrapment instruction but did not state the specific grounds for his objection. K. S. A. 22-3414 (3) provides that no party may assign as error the giving or failure to give an instruction unless he objects thereto before the jury retires to consider its verdict stating distinctly the matter to which he objects and the grounds of his objection unless the instruction is clearly erroneous. Here the trial court might well have given an instruction similar to that given in *State v. Wheat*, supra. We cannot say, however, that the instruction on entrapment as given in the language of the statute was clearly erroneous. The defendant was afforded a full opportunity to present his defense of entrapment to the jury. Since the instruction given was not clearly erroneous it cannot be made the basis of error on this appeal.

The defendant next maintains that the trial court erred in striking and withholding from the jury's consideration the prior testimony of Kent Green which was given at the first trial. The defendant offered this testimony for the purpose of impeaching the testimony of Green. Defendant contends that there were material differences in Green's testimony as given at the first and second trial which raised questions as to Green's credibility. At the trial the court permitted the court reporter to read to the jury about 40 pages of Green's prior testimony. At this point the state objected that there were no material differences in Green's prior and present testimony. The court heard arguments of counsel outside the jury's presence and, finding no inconsistencies between the prior testimony and the testimony given at the trial, sustained the state's objection, struck the testimony which had been read to the jury, and instructed the jury to disregard it. It is, of course, well settled that the admission of prior inconsistent statements of a witness made on a former trial is proper to impeach the credibility of the witness. The

problem presented here is to determine whether there was a real inconsistency between the testimony of Green at the first trial and his testimony at the second trial. In *Hancock v. Bevins*, 135 Kan. 195, 9 P. 2d 634, we held that in order for earlier statements of a witness to be proper and effective materials for impeachment of the witness, such former statements must in some way be contradictory of or inconsistent with the statements made by him on the witness stand. The purpose of admitting the prior testimony is to induce the trier of fact to discard the one statement because the witness has also made another statement which cannot at the time be true. Thus, it is not a mere difference of statement that suffices; nor yet is an absolute oppositeness essential; it is an inconsistency that is required. (2 Wigmore on Evidence, 2d Ed., 491.) We have carefully compared Green's testimony at the first trial with his testimony at the second trial. We have concluded that the former testimony of Green was not in any real sense contradictory or inconsistent with the statements made by him on the witness stand at the second trial. Hence, we find that the trial court did not err in striking Green's prior testimony and instructing the jury to disregard it.

The defendant's third point on this appeal is that the prosecutor was guilty of misconduct in his closing argument before the jury. As pointed out above the defendant did not deny making the sale but relied on the defense of entrapment. It therefore became extremely important for the state to show that the defendant had previously been involved in the drug traffic in order to refute the defense of entrapment. The state called as a witness, Carl Arbogast, the special agent for the K. B. I. On cross-examination he testified regarding his sources of information about the defendant. On redirect examination he testified that he had obtained information from various informants, the police department, the sheriff's office in Tulsa, Oklahoma, and Wichita, and the Federal Bureau of Investigation. He further stated that the defendant had associated with convicted felons and drug traffickers and himself was suspected of drug trafficking. The defendant did not object to this testimony. In the prosecutor's closing argument he referred to the testimony of Agent Arbogast stating that the defendant and his associates were suspects in trafficking of drugs and contraband *"in and out of this country and state."* Counsel objected to the last remark stating that there was no evidence to justify the statement that the defendant had trafficked in drugs and contraband in and out of

the country. The trial court ordered the statement stricken from the record and instructed the jury to disregard it. It is true that the prosecutor went beyond the evidence in referring to the defendant as a suspect in the trafficking of drugs *in and out of the country*. However, on the record before us we cannot say that the trial court erred in denying the defendant's motion for a new trial for this reason. In *State v. Warbritton*, 215 Kan. 534, 527 P. 2d 1050, it was held that improper remarks made by the prosecuting attorney in his summation to the jury will not provide a basis for reversal where the jury has been instructed to disregard the same, unless the remarks were so prejudicial as to be incurable. Here the defendant did not object to the testimony of Carl Arbogast in regard to the defendant's prior drug activities. Furthermore the defendant did not object to the prosecutor's reference to defendant's prior activities but only to the reference to activities *in and out of the country*. As soon as the objection was made the court sustained it forthwith, struck the statement complained of, and advised the jury to disregard it. The defendant did not move for a mistrial at that time. The issue was raised only on motion for a new trial and the trial court after considering the matter found no prejudice and denied the motion for a new trial. As we stated in *State v. Murrell*, 215 Kan. 10, 523 P. 2d 348, the trial judge is in a far better position to assess the impact of the prosecutor's conduct on the jury than are the members of this court who must consider the question on a cold, printed record. We cannot say that the trial court abused its discretion in refusing to grant a new trial.

The defendant next complains that the cross-examination of the defendant by the prosecutor was improper, prejudicial, and denied the defendant a fair trial. The defendant complains of two instances where the defendant objected to the prosecutor's questions and the objections were sustained by the court. It is clear that the trial court found the prosecuting attorney's questions would have elicited irrelevant answers and sustained the defendant's objection for that reason. No answers were made by the defendant to the objected questions. Under the circumstances we cannot say that the defendant's rights were prejudiced.

The defendant's fifth point on the appeal is that the trial court erred in failing to dismiss the action because the defendant had previously been tried and convicted in federal court of offenses arising out of the same transaction and was therefore placed in double jeopardy. It was undisputed that the defendant had pre-

viously been tried before a federal jury and convicted in United State District Court on a four-count indictment charging the following offenses:

(1) unlawful possession of a firearm;
(2) unlawful transfer of a firearm;
(3) unlawfully making a false statement in the purchase of explosives; and
(4) unlawfully receiving an explosive which had been transported in interstate commerce.

It is important to note that the defendant was not charged in the federal prosecution with the *sale* of cocaine or anything else. In our judgment the trial court correctly denied the motion and defendant's claim of former jeopardy. The situation presented is controlled by K. S. A. 21-3108 (3) (*a*) which provides in pertinent part as follows:

"21-3108. Effect of former prosecution.

. . . . . . . . . . . . .

"(3) A prosecution is barred if the defendant was formerly prosecuted in a district court of the United States . . ., if such former prosecution:

"(*a*) Resulted in either a conviction or an acquittal, and the subsequent prosecution is for the same conduct, unless each prosecution requires proof of a fact not required in the other prosecution, . . ."

We have no hesitancy in holding that the prosecution by the state in this case was not barred because of the former prosecution in the United States District Court. In *State v. Pruitt,* 216 Kan. 103, 531 P. 2d 860, we stated that identity of offenses is universally declared to be an indispensable ingredient of jeopardy. Where one statute describing an offense requires proof of a fact which another statute does not, then the offenses are not the same, and a conviction or acquittal under one does not bar prosecution under the other on the ground of double jeopardy. Here the defendant had previously been tried and convicted in federal court of federal crimes involving firearms and explosives, not drugs. Furthermore the defendant was not charged in federal court with the *sale* of firearms or explosives. In this state prosecution the defendant was charged with the *sale* of drugs. The state prosecution for the sale of cocaine required proof of a sale not required under the federal charges. Under the circumstances the trial court was correct in overruling the defendant's claim of former jeopardy.

The defendant next maintains that he was prejudiced by the erroneous reference in the information to the sale of cocaine as a Class E felony. Actually the offense is a Class C felony. Following conviction the defendant was sentenced to imprisonment for not

less than one year nor more than five years for a Class E felony. Thirteen days later the state moved the trial court, pursuant to K. S. A. 22-3504 (1), to correct the illegal sentence and to sentence the defendant for a Class C felony. The motion was granted and the defendant was resentenced to imprisonment for not less than three years nor more than twenty years for a Class C felony. On this appeal the defendant claims that he should have been granted a new trial because of the erroneous reference to the class of felony in the information. The defendant's point in essence is that had he known the felony was a Class C felony he might have attempted to plea bargain and not run the risk of a jury trial. We find the point to be without merit. In the first place the reference in the information to the sale of cocaine as a Class E felony was merely surplusage. The defendant has not demonstrated that his right to a fair trial was in any way prejudiced by the erroneous reference. He did not enter a plea of guilty in reliance on a mistaken assumption as to the class of crime he was charged with. The first sentence imposed was illegal and therefore was subject to correction at any time. (K. S. A. 22-3504 [1].) The fact that the legal sentence later imposed was more severe than the illegal sentence first imposed does not require the granting of a new trial. (*Bozza v. United States*, 330 U. S. 160, 91 L. Ed. 818, 67 S. Ct. 645.)

The judgment of the district court is affirmed.

FROMME, J., not participating.