(651 P.2d 975)
No. 54,261

JULIUS BARR, *Petitioner,* v. STATE OF KANSAS, *Respondent.*

Opinion filed October 7, 1982.

*Donn J. Everett* and *Joseph A. Knopp,* of Everett, Seaton, Knopp & Thompson, of Manhattan, for the petitioner.

*Robert M. Socolofsky,* county attorney, and *Robert T. Stephan,* attorney general, for the respondent.

*Charles E. Simmons,* legal counsel, Kansas Department of Corrections, of Topeka, for *amicus curiae* Kansas Department of Corrections.

Before FOTH, C.J., REES and SWINEHART, JJ.

SWINEHART, J.: This is an appeal by petitioner Julius Barr from an order of the District Court of Riley County reinstating a legally entered sentence to correct a prior illegal sentence modification. We will consider this action as an appeal under K.S.A. 60-1507.

The facts and procedural aspects of this case are not in dispute. Petitioner was charged with aggravated robbery in violation of K.S.A. 21-3427. On May 4, 1981, petitioner entered a plea of guilty to said crime, a Class B felony, and was subsequently sentenced on June 1, 1981, in accordance with the provisions of K.S.A. 21-4501(*b*) to a term of imprisonment of not less than five years nor more than twenty years, the minimum sentence provided therein.

Within 120 days of sentencing, the Kansas State Reception and Diagnostic Center (KSRDC) filed a report of its findings and recommendations as to petitioner. The report stated in part:

"Because of these findings, we cannot recommend probation for Mr. Barr at this time. However, we favor a shortening of his sentence and providing him with remedial education and vocational training.

"According to the procedures pertaining to the move of the offender after the evaluation has been completed, Mr. Julian [*sic*] Lee Barr is being transferred to the Kansas State Industrial Reformatory."

On August 24, 1981, the trial court held a hearing on the petitioner's motion for probation. The court denied probation, but reduced petitioner's minimum sentence to one year. Petitioner remained in the custody of the secretary of corrections, and anticipated his upcoming first parole hearing which was to be based upon his minimum one-year sentence. Prior to the hearing, however, the secretary of corrections determined that petitioner's sentence had been modified without his recommendation, contrary to K.S.A. 1980 Supp. 21-4603. This problem was called to the attention of the trial court, the county attorney and petitioner's attorney. On February 25, 1982, the State filed a motion to correct the reduction of sentence as entered on August 24, 1981. The trial court, exercising its power conferred by K.S.A. 22-3504, vacated the August 24, 1981, sentence and reinstated the original June 1, 1981, sentence.

Petitioner appeals and raises the following issues: (1) Whether the trial court operated within the statutory authority of K.S.A. 1980 Supp. 21-4603 on August 24, 1981, by reducing petitioner's minimum sentence to one year; (2) whether the foregoing modification by the trial court constituted an illegal sentence pursuant to K.S.A. 22-3504; and (3) whether the subsequent reinstatement of the original sentence constituted double jeopardy.

The authority of a trial court to reduce a defendant's sentence is derived from K.S.A. 1980 Supp. 21-4603(2) which provides in part:

"The court may reduce the minimum term of confinement at any time before the expiration thereof *when such reduction is recommended by the secretary of corrections* and the court is satisfied that the best interests of the public will not be jeopardized and that the welfare of the inmate will be served by such reduction. The power here conferred upon the court includes the power to reduce such minumum below the statutory limit on the minimum term prescribed for the crime of which the inmate has been convicted. The recommendation of the secretary of corrections and the order of reduction shall be made in open court." (Emphasis supplied.)

The secretary of corrections is the only person statutorily authorized to recommend a reduced sentence for a prisoner below

the minimum sentence prescribed for a given crime as set forth in K.S.A. 21-4501. The clinical report filed with the trial court by KSRDC, authored by its director, does not constitute the recommendation of the secretary of corrections. The trial court mistakenly and without authority accepted the KSRDC clinical report as the secretary's recommendation, and entered a sentence below the authorized minimum. That sentence was illegal. Notwithstanding the fact that the court made the mistaken finding and the State did not take an appeal, the sentence was still illegal. Defendant was improperly sentenced to a term less than authorized by the statutes, K.S.A. 21-4501(b) and K.S.A. 1980 Supp. 21-4603. The sentence of defendant must be in accordance with 21-4501. A sentence of a lesser term than the minimum may only be entered upon the recommendation of the secretary of corrections. Therefore, we find that the August 24, 1981, modified sentence was improper, illegal and entered by the trial court without authority. The effect of the trial court's sentence modification was a nullity. As an illegal sentence, the same could be corrected at any time by the trial court as provided in K.S.A. 22-3504.

Finally, we also find that the trial court's reinstatement of a legally entered sentence to correct an illegal sentence modification does not constitute double jeopardy. *Bozza v. United States,* 330 U.S. 160, 91 L.Ed. 818, 67 S.Ct. 645 (1947); *State v. Worth,* 217 Kan. 393, 537 P.2d 191 (1975), *cert. denied* 423 U.S. 1057 (1976).

Affirmed.

FOTH, C.J., concurring: I concur in the court's opinion but would add a few words touching the issue raised in the dissent.

I view the unauthorized sentence of August 24, 1981, as no different from any other unauthorized sentence. Presumably every sentence imposed by every judge is thought by the judge at the time to be proper and authorized by law. Further, the sentencing judge must necessarily find, at least implicitly, all the underlying jurisdictional facts necessary to support the judgment rendered.* Nevertheless, judges are sometimes wrong, and when

---

* In this case the authority of Dr. Targownik to speak for the secretary of corrections was not a finding orally expressed by the trial judge at the time of the sentence reduction. It appears in the record only in the Journal Entry prepared by defense counsel.

their error is brought to their attention they have specific authority to remedy the error "at any time" by correcting the "illegal" sentence. K.S.A. 22-3504(1).

Res judicata (along with collateral estoppel) has a place in the criminal law, notably to protect the defendant's Fifth Amendment guaranty against double jeopardy. See generally, *In re Berkowitz*, 3 Kan. App. 2d 726, 733-43, 602 P.2d 99 (1979). Here, as the court's opinion points out, there is no double jeopardy problem. On the other side of the coin, defendants may and frequently do relitigate jurisdictional factual questions (among the most common being "voluntariness" of guilty pleas, confessions, and consents to search) even though such questions have been expressly adjudicated against them after being hotly contested. I foresee no dire consequences in permitting the State to show that a court's previous assumption of fact made in the absence of any evidence was erroneous where, as here, no constitutional rights of the defendant are involved.

The people of the State have an interest in seeing that sentences imposed are within the limits set by their representatives in the legislature. The sentence originally imposed was the minimum authorized by the legislature. The later effort to further reduce the sentence was, in the sense of K.S.A. 22-3504(1), "illegal." The later order was therefore properly set aside and the original sentence properly reinstated.

REES, J.: I dissent.

The dispositive question is whether the Kansas Reception and Diagnostic Center recommendation that defendant's sentence be less than the statutory minimum of not less than five years nor more than twenty years (K.S.A. 21-4501[*b*]) was a recommendation of the Secretary of Corrections. That question, between these same parties, was decided adversely to the State at the August 24, 1981, hearing. The written order entered as a result of that hearing was approved by the State as correctly stating the trial court's order. It reads in part:

"The Court further finds that *the recommendation* of Dr. Karl K. Targownik, as *set forth in the report from the Kansas State Diagnostic and Reception Center is* deemed to be and *found to be a recommendation of the Secretary of Corrections,* and further that the best interest of the public will not be jeopardized and the welfare of the inmate will be served by a reduction as recommended by Dr. Targownik in the report submitted to the District Court of Riley, Kansas." (Emphasis added.)

The State took no appeal from the August 24, 1981, findings, decision and action of the district court. The State makes no showing of justification for relitigation of the adjudicated question. We should not place our imprimatur upon relitigation of the question and reversal of the previous adjudication. I find this particularly true in this case for the reason that at the March 8, 1982, hearing there was no showing by the State of previous error. The State did not ask the trial judge to take judicial notice of any facts or matters outside the record and it presented no testimonial or documentary evidence. The question was relitigated in a prior ex parte telephone conversation between the trial judge and Dr. Targownik.