(929 P.2d 815)
No. 73,785

ESTHER JANE THOREN, *Appellant*, v. LAWRENCE MEMORIAL HOSPITAL, *et al.*, *Appellees*.

—

Opinion filed January 10, 1997.

*Bruce Keplinger*, of Norris, Keplinger & Logan, L.L.C., of Overland Park, for appellant.

*Thomas E. Wright* and *Anne Lamborn Baker*, of Wright, Henson, Somers, Sebelius, Clark & Baker, L.L.P., of Topeka, for appellee Lawrence Memorial Hospital.

*James D. Griffin* and *Victoria H. Bonavia*, of Blackwell Sanders Matheny Weary & Lombardi, L.C., of Overland Park, for appellees Norman Waitley, D.D.S., Dale W. Friesen, M.D., and Anesthesia, P.A.

Before KNUDSON, P.J., MARQUARDT, J., and TIMOTHY E. BRAZIL, District Judge, assigned.

BRAZIL, J.: The parties submit this case to this court on an agreed statement of facts. The pertinent facts of the agreed statement follow:

Plaintiff Esther Jane Thoren entered Lawrence Memorial Hospital for knee replacement surgery. Thoren suffered an ischemic stroke either during or after surgery. Her theory is that the stroke was caused by fluctuations in her blood pressure that occurred both during surgery and again the morning after. She later sued the hospital and the anesthesiologist group, Anesthesia, P.A. (Anesthesia), who employed the anesthesiologist. She designated Steven Laven as a liability expert. Anesthesia noticed Laven for deposition, which was taken later.

Although not mentioned in the agreed statement, the record indicates that shortly before the trial, Anesthesia requested to redepose Laven to confront him with information it had obtained that was contradictory to information Laven had given during his deposition. The trial court ruled that although Anesthesia could not redepose Laven, it would be allowed to confront him on cross-examination with the evidence. The evidence consisted of deposition testimony that Laven had given previously in five other cases.

Prior to the trial, Thoren's counsel decided against calling Laven to testify and notified defense counsel that it would read portions of Laven's deposition instead. Anesthesia filed a motion to preclude such reading and, in the alternative, requested a ruling that would allow Anesthesia to read from depositions in the five other cases.

The court heard arguments on the matter and ruled: (1) It was proper for Thoren to use Laven's deposition testimony in lieu of his live testimony, and (2) Anesthesia could read Laven's deposition testimony from the other cases; however, it could read from those transcripts only in its rebuttal case, not during plaintiff's case and while plaintiff was reading from Laven's deposition.

The jury returned a verdict in favor of all the defendants. Thoren now appeals the court's ruling allowing Anesthesia to use Laven's deposition testimony from the five other cases. Anesthesia filed a cross-appeal but stipulated to its dismissal in its brief.

The sole issue Thoren raises on appeal is that the trial court erred in allowing Anesthesia to introduce evidence of deposition testimony that Laven gave in five earlier, unrelated cases. Anesthesia used the deposition testimony to impeach Laven with his prior inconsistent statements.

This issue involves the interpretation of several statutes from the Kansas Code of Civil Procedure. As such, this court's review is unlimited. See *Todd v. Kelly*, 251 Kan. 512, 515, 837 P.2d 381 (1992).

Anesthesia argues that, pursuant to K.S.A. 60-422(b), the trial court did not err in allowing the evidence of Laven's prior deposition testimony. K.S.A. 60-422(b) provides:

"As affecting the credibility of a witness . . . (b) extrinsic evidence of prior contradictory statements, whether oral or written, made by the witness, may in the discretion of the judge be excluded unless the witness was so examined while testifying as to give him or her an opportunity to identify, explain or deny the statement."

K.S.A. 60-422(b) is not applicable here because Laven did not testify and, therefore, could not identify, explain, or deny the inconsistent statements. Anesthesia argues that Laven had the opportunity to explain his inconsistent statements while being deposed; however, the record does not support that assertion.

At the hearing on whether Anesthesia could introduce Laven's prior deposition testimony, the court stated:

"Not having the deponent here I do need to remind the record as I'm sure we all remember that last week, early last week counsel were over here on a question of going back and deposing certain people to accomplish the same thing you're trying to accomplish now. At that time I ruled that I didn't think that was necessary because you could cross-examine the man, you had the information with which to cross-examine him, and we had a general discussion of how that might be accomplished, and *it seemed to me that you had sufficient remedies at hand to raise the issue of whether he had been truthful or not, absent counsel for the plaintiff wanting to have his man redeposed so he could explain what appear to be some inconsistencies that diligent counsel for the defendant have now raised or discovered.*" (Emphasis added.)

Although defense counsel had wanted to redepose Laven regarding his inconsistent statements, the record shows that defense counsel did not cross-examine Laven regarding his contradictory statements. The court initially ruled that it was unnecessary to redepose Laven because counsel could cross-examine him during the trial. After learning that Thoren no longer intended to call Laven to testify, the court ruled that defense counsel could simply read the contradictory statements to the jury.

During his deposition testimony, Laven was not afforded the opportunity to identify, explain, or deny the inconsistent statements; therefore, K.S.A. 60-422(b) does not allow the use of Laven's prior depositions.

Relying on K.S.A. 60-232, Thoren argues that the trial court erred in allowing the use of the prior depositions. K.S.A. 60-232 provides:

> "(a) *Use of deposition.* At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof."

Thoren asserts that K.S.A. 60-232 requires that she be present or represented at any deposition being used as evidence in the trial and that she was neither present nor represented at any of the five prior depositions that Anesthesia read to the jury.

In *Eferakeya v. Twin City State Bank*, 13 Kan. App. 2d 197, 202, 766 P.2d 837 (1988), *aff'd as modified* 245 Kan. 154, 777 P.2d 759 (1989), this court stated that the conditions of subsection (a) must be met before "a deposition may be used at trial against any party." See also 8A Wright, Miller & Marcus, Federal Practice & Procedure: Civil 2d § 2142, p. 159 (1994) (stating that under Fed. R. Civ. Proc. 32 "the conditions set forth in Rule 32[a] must exist before the deposition can be used at all").

Subsection (a)(1) of K.S.A. 60-232, however, provides: "Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness." The interplay between (a) and (a)(1) is unclear. Does the term "any deposition" mean literally *any* deposition; or, does it mean any deposition that meets the conditions set forth in (a)? In other words, may a party use any deposition to impeach a witness, or may a party use only depositions to impeach a witness where the party against whom it is being used was present or represented at its taking? Thoren argues the latter interpretation.

Subsection (a) of K.S.A. 60-232 provides that the conditions set forth therein apply "in accordance with" subsection (a)(1). Thus, a

reasonable interpretation could be that *any* deposition may be used to impeach a witness, notwithstanding the conditions of (a).

In *Summers v. Montgomery Elevator Co.*, 243 Kan. 393, Syl. ¶ 3, 757 P.2d 1255 (1988), the court states: "Pursuant to K.S.A. 1987 Supp. 60-232(a)(1), deposition statements are admissible as evidence in a subsequent unrelated trial to attack the credibility of a witness by showing prior inconsistent statements." This statement of law appears to directly control the present case; however, "[a] syllabus of the points of law decided by the Supreme Court in any case . . . shall be confined to points of law arising from the facts in the case." *State v. Sims*, 254 Kan. 1, 7, 862 P.2d 359 (1993). Under the facts of *Summers*, the application of subsection (a) to subsection (a)(1) of K.S.A. 60-232 is unclear.

In *Summers*, the plaintiff testified that he could no longer hunt in the winter because the cold air caused pain in his injured finger. The defense questioned him about deposition testimony that he had given in a prior personal injury case, wherein he was also the plaintiff, which contradicted his current testimony.

Citing to K.S.A. 60-232(a)(1), the Supreme Court held that the evidence was "clearly admissible as a prior inconsistent statement." 243 Kan. at 398. The court did not discuss the conditions set forth in (a); thus, it is impossible to tell whether the court considered those conditions relevant in an impeachment situation. However, the party against whom the prior deposition was used—the plaintiff—was a party in the prior action and, therefore, was both present and represented at the taking of the prior deposition. Accordingly, the conditions of (a) were met.

*Summers* also cites to *State v. Worth*, 217 Kan. 393, 537 P.2d 191 (1975), *cert. denied* 423 U.S. 1057 (1976), to support its holding. *Worth* deals with an appeal from a second criminal trial, the first trial having ended in a hung jury. A witness testified at both trials. The defendant wished to impeach the witness' testimony with testimony that he had given in the first trial. That court stated: "It is, of course, well settled that the admission of prior inconsistent statements of a witness made on a former trial is proper to impeach the credibility of the witness." 217 Kan. at 395. *Worth* cites to no authority for this statement.

Federal Rule 32(a)(1) specifically addresses this question by providing that any deposition may be used to impeach a witness "or for any other purpose permitted by the Federal Rules of Evidence." Fed. R. Civ. Proc. 32(a)(1). The Federal Rules of Evidence specifically allow impeachment of a witness with prior deposition testimony. Fed. R. Evid. 801(d)(1)(A).

K.S.A. 60-232(a)(1) does not have the same provision regarding application of Kansas rules of evidence, and Kansas does not have a rule analogous to Fed. R. Evid. 801(d)(1)(A). Kansas rules of evidence, however, do allow a witness to be impeached with his or her prior inconsistent statements. K.S.A. 60-422(b); K.S.A. 60-462.

Because of these two rules of evidence, Thoren's interpretation cannot be correct. " 'The several provisions of an act, *in pari materia*, must be construed together with a view of reconciling and bringing them into workable harmony and giving effect to the entire statute if it is reasonably possible to do so.' " *Guardian Title Co. v. Bell*, 248 Kan. 146, 151, 805 P.2d 33 (1991).

K.S.A. 60-232, 60-422(b), and 60-462 are all part of the Kansas Code of Civil Procedure. Thus, these three statutes must be read *in pari materia*.

K.S.A. 60-422(b) provides that "extrinsic evidence of prior contradictory statements, whether oral or written, made by the witness" may be used to impeach a witness in certain situations. Under Thoren's interpretation of K.S.A. 60-232, a party could use any extrinsic evidence of a witness' prior inconsistent statements, *except* prior deposition testimony, unless the party against whom it is being used was present or represented at the deposition, or had notice thereof.

K.S.A. 60-462 provides: "Evidence of a statement or other conduct by a declarant inconsistent with a statement received in evidence under an exception to K.S.A. 60-460, is admissible for the purpose of discrediting the declarant." Again, under Thoren's interpretation of K.S.A. 60-232, this provision could not include prior inconsistent deposition testimony, unless the conditions of K.S.A. 60-232(a) are met.

Accepting Thoren's interpretation of K.S.A. 60-232(a) would require reading an exception into both K.S.A. 60-422(b) and 60-462

that is not there. K.S.A. 60-232(a)(1) must mean exactly what it says: if used within the parameters of K.S.A. 60-422(b) and 60-462, *any* deposition may be used to impeach a witness.

As previously stated, K.S.A. 60-422(b) does not allow the use of Laven's prior deposition testimony as evidence of prior inconsistent statements because Laven was not afforded the opportunity to explain or deny the statements. K.S.A. 60-462, however, does allow the use of those depositions for the purpose with which Anesthesia used them.

K.S.A. 60-460 governs the exclusion of hearsay evidence and exceptions to that rule. Subsection (c) of that statute provides: "Subject to the same limitations and objections as though the declarant were testifying in person, (1) testimony in the form of a deposition taken in compliance with the law of this state for use as testimony in the trial of the action in which offered" is an exception to the hearsay exclusion.

Although the trial court did not specifically find that Thoren's use of Laven's deposition, given for use in the trial of this action, was an exception to the hearsay rule, under both K.S.A. 60-232(a) and K.S.A. 60-460(c)(1), it was. See *Eferakeya v. Twin City State Bank*, 245 Kan. P.2d 154, 161, 777 P.2d 759 (1989) ("[K.S.A. 60-232(a)] creates its own exception to the hearsay rule.").

Here, Laven's current deposition was an exception to the hearsay rule as provided in K.S.A. 60-460(c)(1). As such, under K.S.A. 60-462, the evidence of any prior statement that Laven made that was inconsistent with the current deposition testimony was admissible, even though Laven had no opportunity to deny or explain the inconsistencies.

"The admission of deposition testimony is within the trial court's discretion." *Eferakeya*, 245 Kan. at 160. Under both 60-232(a)(1) and 60-462, the trial court had discretion to allow Anesthesia to use the prior depositions to impeach Laven. The court reasoned that it was doing so in the interest of fairness to all of the parties. Reasonable persons could agree with this view; therefore, the court did not abuse its discretion. See *Labette Community College v.*

*Board of Crawford County Comm'rs*, 258 Kan. 622, 625, 907 P.2d 127 (1995).

Affirmed.