NOT DESIGNATED FOR PUBLICATION

No. 113,179

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES L. HUNT,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed February 26, 2016. Affirmed.

*Carl F.A. Maughan* and *Sean M.A. Hatfield*, of Maughan Law Group LC, of Wichita, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, for appellee.


Before HILL, P.J., MCANANY and ARNOLD-BURGER, JJ.


*Per Curiam*:  James L. Hunt was convicted of second-degree murder in 1993. In 2013, he filed a motion for judicial inquiry with the district court asking the court to compel the Secretary of Corrections to consider recommending a reduction in his sentence. The district court denied the motion. Because no such cause of action exists under K.S.A. 21-4603(e) (repealed effective July 1, 2011; see K.S.A. 2015 Supp. 21-6702[e]), we are required to deny Hunt the relief he seeks and affirm the decision of the district court.

1

Hunt was convicted of second-degree murder in Sedgwick County in May 1993. K.S.A. 21-3402 (Ensley 1988). Because his crime of conviction was a class B felony he was subject to a maximum sentence of 15 years to life. K.S.A. 21-4501 (Ensley 1988). He was sentenced to an indeterminate sentence of 45 years to life in prison based on imposition of the Habitual Criminal Act, K.S.A. 1992 Supp. 21-4504, in a pre-Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-4701 *et seq.*, case. He appealed his conviction and sentence to the Kansas Supreme Court, which affirmed both. *State v. Hunt*, 257 Kan. 388, 894 P.2d 178 (1995). There have been no subsequent claims that his sentence was illegal, nor does he make such a claim here.

We note that at the time of his sentencing in 1993 the district court noted, as it was required to do, that if he were sentenced under the KSGA his sentence would fall in the sentencing grid for a severity level 1, criminal history category B. The district court indicated that he would be subject to the mid-range sentence of 183 months' imprisonment. K.S.A. 1993 Supp. 21-4704. In addition, although the KSGA included a retroactivity provision that allowed some inmates to have their pre-1993 sentence converted to a KSGA sentence, only presumptive nonimprisonment sentences were subject to conversion under the KSGA. K.S.A. 21-4724(b)(1). Severity level 1, criminal history category B crimes were all presumptive imprisonment cases. So he was not eligible for sentence modification under the retroactivity provision of the KSGA.

Twenty years later, Hunt filed a motion for judicial inquiry asking the Sedgwick County District Court to compel the Secretary of Corrections to recommend a sentencing reduction in accordance with K.S.A. 21-4603(e) (modification of sentences for crimes committed before July 1, 1993). He argued that had his sentence been imposed under the

2

KSGA, his sentence would have been less, and accordingly his pre-1993 sentence created a sentencing inequity that requires adjustment.

The State filed a response to Hunt's motion arguing that the motion was properly viewed as a habeas corpus petition, see K.S.A. 2015 Supp. 60-1501, and therefore should have been filed in the county in which Hunt was confined rather than the county in which he was convicted. The district court, apparently agreeing with the State, summarily denied Hunt's motion, citing its lack of jurisdiction to consider the matter. Hunt now appeals.

ANALYSIS

Notwithstanding the KSGA retroactivity provision discussed above, K.S.A. 21-4603(e) provides:

> "The court shall modify the sentence [of a prisoner] at any time before the expiration thereof *when such modification is recommended by the secretary of corrections* unless the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the inmate will not be served by such modification." (Emphasis added.)

The Kansas Department of Corrections has an Internal Management Policy and Procedure (IMPP) governing its recommendation for sentence modification pursuant to K.S.A. 21-4603(e). It provides that "[r]equests for such recommendations may be through the warden's initiative or as a result of informal requests by the Management Team." IMPP 11-114. The procedure provides that "[t]he warden of each facility shall be the sole initiator of any formal recommendation to the Secretary of Corrections" based on "the recommendations [in] a report [provided by] the Unit Team [and] approved by the Program Management Committee. IMPP 11-114(I)(A)(1). Furthermore, the Secretary of Corrections is to be the "sole initiator" of any formal request to the sentencing court for

3

sentence modification. IMPP 11-114(I)(B) When making a recommendation for modification, 12 factors may be considered. These factors include whether the sentence was imposed prior to July 1, 1993, whether a sentence inequity exists between the prior sentence and the current law governing the same crime, the inmate's medical condition, the inmate's behavior and completion of available programing, indications of extensive and complete rehabilitation, employability, family, and community support, and in conjunction with other factors, whether "an inmate . . . has served an appropriate period of time for the commission of a crime." See IMPP 11-114(II)(A)(1-12) (quoting factor 10).

Because there seems to be no ability for the inmate to initiate this modification process, Hunt attempts through his self-titled motion for judicial inquiry to prod the district court into making an inquiry of the Secretary of Corrections seeking the Secretary's recommendations concerning sentence modification. He claims he qualifies for modification because his sentence was imposed prior to 1993, there is a sentence inequity between his KSGA sentence and his pre-KSGA sentence, adjustment of his sentence would be a proper expenditure of taxpayer money and permit the rehabilitation process to proceed, and he has served an appropriate prison term for his crime.

Hunt argues that the district court erred when it denied his motion for judicial inquiry for lack of jurisdiction. He insists both in his pro se motion and in his appellate brief that was filed by his attorney that his motion was not a habeas action, K.S.A. 2012 Supp. 60-1501, and was not filed as such. Hunt rests his entire argument on the fact that this action was properly brought under K.S.A. 21-4603(e). He asserts that K.S.A. 21-4603(e) requires recommendations for sentencing modifications come to the court from the Secretary of Corrections and that nothing in the language prohibits a court "from inquiring of the Secretary whether or not a recommendation for modification may be appropriate or forthcoming in a given case."

Accepting Hunt's argument, whether K.S.A. 21-4603(e) provides a mechanism for compelling the Secretary of Corrections to make a recommendation regarding a sentence modification via a motion for judicial inquiry is a question of law over which this court exercises unlimited review. See *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12 (2014), *cert. denied* 135 S. Ct. 91 (2014).

This court recently addressed a nearly identical appeal in *State v. Dotson*, No. 109,358, 2014 WL 6676042 (Kan. App. 2014), *rev. denied* 302 Kan. ___ (July 22, 2015). There, as here, Dotson filed a motion for judicial inquiry seeking to compel the Secretary of Corrections to review his sentence and make a recommendation pursuant to K.S.A. 21-4603(e). The district court denied the motion. This court affirmed, basing its holding in part on a prior case, *Barr v. State*, 8 Kan. App. 2d 173, 174-75, 651 P.2d 975, *rev. denied* 232 Kan. 875 (1982), that "absent a recommendation to modify a sentence made by the Secretary of Corrections, any modification ordered by a district court would result in an illegal sentence." 2014 WL 6676042, at *1. The *Barr* holding led the *Dotson* court to conclude that since "the Secretary of Corrections did not recommend that Dotson's sentence be modified, the district court did not err when it denied Dotson's motion for a judicial inquiry to compel such a recommendation." 2014 WL 6676042, at *1.

Additionally, the *Dotson* court found that "there exists no legal mechanism for [a prisoner] to invoke 'judicial inquiry' that would compel" the Secretary of Corrections to make a recommendation for a sentence modification. 2014 WL 6676042, at *1. We agree. Although we are not in a position to speculate whether there may be some other avenue for Hunt to pursue his concern that he is not receiving the proper consideration for a sentence modification, a motion for judicial inquiry under K.S.A. 21-4603(e) is not it.

Because no such cause of action exists under K.S.A. 21-4603(e), we are required to deny Hunt the relief he seeks. This outcome affirms the district court but provides a

5

different reason for reaching the same result. See *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015) (holding that a district court's decision that arrives at the correct outcome will be upheld on appeal even though the district relied upon the wrong ground in reaching its result).

Affirmed.